## UNITED STATES *v.* SMITH.

## SMITH *v.* UNITED STATES.

### APPEALS FROM THE COURT OF CLAIMS.

Nos. 289, 345. Submitted April 10, 1895. — Decided May 20, 1895.

Mileage or travel fees are allowed to a district attorney as a disbursement or commutation of travelling expenses, irrespective of the amount of compensation for services to which he is limited by law.

158 346
L-ed 1011
76f 217
76f 364

158 346
L-ed 1011
80f 373

158 346
L-ed 1011
87f 700

*Per diem* allowances to him for attendance, and charges for special services directed by the Attorney General, are compensation for services, and in law form part of the gross sum therefor, which may not be exceeded.

THESE were cross-appeals from certain allowances and disallowances in the accounts of the claimant, who was district attorney of the United States for the Territory of New Mexico from January 1, 1886, to December 31, 1888.

His accounts for the services performed by him during that time were duly rendered, with vouchers and items, to the proper District Court, and were duly approved by said court in the sum of $19,230.80, as just and according to law. The accounts were afterwards presented to the Treasury Department and certified as correct to the amount $18,605.80, of which $14,266.34 was paid, leaving an unpaid balance of $4339.36.

This balance the accounting officers of the Treasury refused to certify for payment, upon the ground that the claimant had been paid for the three years in question the maximum compensation of $3500 per annum prescribed by the act of April 7, 1882, for the attorney of the United States for New Mexico, and on the further ground, in respect to another item of $595, that it had been disallowed by the Attorney General as being in excess of just compensation.

The unpaid balance of $4339.46 is composed of certain services performed by him in a claimed unofficial capacity under the direction of the Attorney General, of mileage and of per diem compensation.

The Court of Claims rendered judgment in his favor for the mileage, amounting to $1270.80, but disallowed his claim for per diem compensation, amounting to $2843.66, and for special services, $225.

Both parties thereupon appealed to this court.

*Mr. Assistant Attorney General Dodge* and *Mr. Felix Brannigan* for the United States.

*Mr. Eppa Hunton* and *Mr. John Altheus Johnson* for Smith.

. MR. JUSTICE BROWN, after stating the case, delivered the opinion of the court.

This case involves the question whether the three items of travel fees, per diems, and extra services should be included in the fee and emolument account of the district attorney, as belonging to the "fees, charges, and emoluments" to which a district attorney is entitled by reason of the discharge of the duties of his office. Rev. Stat. §§ 833 and 834. If these items are included, his compensation would exceed the maximum allowed by law, and he would not be entitled to the excess. The Court of Claims held that he was entitled to his travel fees but not to the other items.

The case depends upon the construction given to certain provisions of chapter 16, title 13, of the Revised Statutes, with respect to the fees of officers of the United States courts. Section 823 provides that " the following and no other *compensation* shall be taxed and allowed to attorneys, solicitors, and proctors of the Courts of the United States, to district attorneys," etc. Section 824 fixes the fees of district attorneys, among which are the following : " For each day of his necessary attendance in a court of the United States on the business of the United States, when the court is held at the place of his abode, five dollars; and for his attendance when the court is held elsewhere, five dollars for each day of the term." " For travelling from the place of his abode to the place of holding any court of the United States in his district, or to the place of any examination before a judge or commissioner, of a person charged with crime, ten cents a mile for going and ten cents a mile for returning."

By section 833, every district attorney is required to make a semi-annual return to the Attorney General " of all the fees and emoluments of his office, of every name and character, and of all the necessary expenses of his office, including necessary clerk-hire, together with the vouchers for the payment of the same ;" and by section 834 he is bound to include in such semi-annual return, with the exception of fees in revenue cases, " all other fees, charges, and emoluments to which a dis-

trict attorney . . . may be entitled, by reason of the discharge of the duties of his office, as now or hereafter prescribed by law, or in any case in which the United States will be bound by the judgment rendered therein, whether prescribed by statute or allowed by a court, or any judge thereof." By section 837 the district attorneys and marshals of certain districts were awarded "for the like services, double the fees hereinbefore provided," and by the act of August 7, 1882, 22 Stat. 344, this allowance of double fees was extended to the Territories of New Mexico and Arizona, with a provision that the district attorney should not by fees and salaries together receive more than $3500 per year.

1. The first item relates to the allowance of the claim for mileage. While an allowance for travel fees or mileage is, by section 823, included in the fee bill, we think it was not intended as a compensation to a district attorney for services performed, but rather as a reimbursement for expenses incurred, or presumed to be incurred, in travelling from his residence to the place of holding court, or to the office of the judge or commissioner. The allowance of mileage to officers of the United States, particularly in the military and naval service, when travelling in the service of the government, is fixed at an arbitrary sum, not only on account of the difficulty of auditing the petty items which constitute the bulk of travelling expenses, but for the reason that officers travel in different styles; and expenses, which in one case might seem entirely reasonable, might in another be deemed to be unreasonable. There are different standards of travelling as of living, and while the mileage in one case may more than cover the actual expenses, in another it may fall short of it. It would be obviously unjust to allow one officer a certain sum for travelling from New York to Chicago, and another double that sum, and yet their actual expenses may differ as widely as that. The object of the statute is to fix a certain allowance, out of which the officer may make a saving or not as he chooses, or is able. And while, in some cases, it may operate as a compensation, it is not so intended, and is not a fee, charge, or emolument of his office within the meaning of section 834. It is much like

the arbitrary allowance for the attendance of witnesses and jurors, which may or may not be sufficient to pay their actual expenses, depending altogether upon the style in which they choose to live.

The fact that these travel fees are treated in section 823 as an item of the " compensation " allowed to district attorneys and are enumerated in section 824, under the head of " fees of attorneys, solicitors, and proctors," undoubtedly lends some support to the claim of the government that they were designed to be included in the returns of the district attorneys of the fees, charges, and emoluments of their offices. But we think these facts, though pertinent, are not controlling, if the travel fees were designed, as we think they are, as a reimbursement or commutation of travelling expenses. In this connection there is an apparent inconsistency in the action of the claimant which is not noticed in the opinion of the court below, and is not presented on this record for our revision, although it may have some bearing argumentatively upon the question under consideration. This is the fact, that, while under section 837, and the act of August 7, 1882, allowing to certain district attorneys " double fees " for like services, he charges double mileage (twenty cents) as a " fee," he at the same time claims that such mileage is not to be accounted for as one of " the fees and emoluments of his office." It would seem almost too plain for argument that if such mileage be a fee to be charged for, it is also a fee to be accounted for.

In view of the fact that by section 824 the district attorney is allowed ten cents a mile travel fees each way, it is somewhat singular that, by section 828, the clerk is allowed a travel fee of only five cents each way, although both are allowed a per diem of five dollars. This discrepancy appears to have existed only since the act of February 26, 1853, 10 Stat. 161, inasmuch as by the act of February 28, 1799, 1 Stat. 624, both the clerk and district attorney were allowed travel fees of ten cents per mile from the place of their abode to the place of holding court — one way.

Undoubtedly, however, the strongest argument in favor of the position assumed by the government, that the travel fees

in question were intended as compensation for services, is derivable from the fact that, by section 829 of the same chapter, the marshal is allowed for transporting criminals, ten cents a mile for himself and each prisoner and necessary guard; and for travelling from his residence to the place of holding court, ten cents a mile for going only, while for travelling in going only to serve process, he is allowed six cents a mile, to be computed from the place where the process is returned to the place of service, with a proviso that "when more than two writs of any kind required to be served in behalf of the same party on the same person might be served at the same time, the marshal shall be entitled to compensation for travel on only two of such writs." If, however, the writs are not in behalf of the same party, to be served upon the same person, there is no limit to the number upon which the marshal is entitled to mileage. *United States* v. *Fletcher*, 147 U. S. 664. The fact that the amount of mileage which the marshal is entitled to charge for making a certain journey is thus made to have no relation whatever to the amount of his expenses or to the number of writs he has in his possession, indicates very clearly that such mileage is intended as compensation. There is also another proviso to the same effect, namely, that his fees for summoning jurors, including the mileage chargeable for each service, shall never exceed $50 at any term of court; "and in all" other "cases where mileage is allowed to the marshal he may elect to receive the same, or his actual travelling expenses, to be proved on his oath, to the satisfaction of the court."

The other fees allowed to the marshal are substantially only the following: For the service of each writ, $2; for per diems, $5, and a small commission upon property sold and money disbursed for the government. Other allowances are made by section 829, but they are of comparatively small importance.

In view of these provisions, and of the very large proportion which travel fees make in the accounts of the marshal, it is difficult to avoid the conclusion that such fees, except, perhaps, for travel to attend court, which are analogous to the travel fees allowed to district attorneys and clerks, are intended to be included in his account. All such fees, with the above

exception, are taxable as costs in the cause in which the travel is made, and are intended as part of his compensation for services in such cause, while the manifest purpose of travel fees to and from court is a reimbursement of personal expenses. But it does not follow that where, as in the case of district attorneys and clerks, the travel fees or mileage is allowed only to the officer for travel made by him in actually going to and from his place of abode to the place of holding court, such mileage should be regarded in any other light than as a reimbursement for expenses presumed to have been incurred.

2. With regard to per diems the case is somewhat different. They are allowed " for each day of his necessary attendance in a court of the United States or before a judge or commissioner on the business of the United States, when the court is held at his place of abode," as well as for his attendance when the court is held elsewhere, for each day of the term, whether he is actually in attendance or not, since he is presumed to be present at each term for the protection of the interests of the government.

The fact that these per diems are allowed for his attendance at his place of abode, indicates very clearly that they are not intended as reimbursements for personal expenses specially incurred, since every man must live somewhere and must incur some expense in so doing. Reimbursement is only intended in cases where an expense is incurred in the services of the government, which would not be incurred if the claimant were living at his usual place of abode. The per diem in question is evidently intended for the payment of the attendance of the district attorney, when, although he may not be actually engaged in the trying of a case, for which a separate fee is allowed, the duties of his office require that he should be present in court, either waiting for a case to come on or attending to incidental matters, for which no separate provision may be made.

3. The last item relates to fees for special services in certain land and other cases, in which the United States was interested, though not usually a party to the action. The finding in this particular is that the claimant had been directed by the Attorney General to act as counsel for the United States in

these cases, except one, where the appearance was by direction of the court; and although the services required were regarded by both parties either as not pertaining to the office of the attorney for the United States, or as not being provided for by the salary or fee bill, no agreement was entered into as to the amount of compensation to be paid for the services, and no certificate was made by the Attorney General, that the same could not be performed by him or the Solicitor General, or the officers of the Department of Justice, or by the district attorney.

Petitioner's claim in respect to these services amounted to $1910, of which $1310 was allowed by the Attorney General, and $600 disallowed, as being in excess of his just compensation. The accounting officers of the Treasury reduced the disallowances to $595, allowing $5 in one case under the fee bill. Of the amount so allowed by the accounting officers, to wit, $1315, the sum of $1090 is included in the compensation paid to the claimant, and the difference, $225, has not been paid. This amount ($225) is included in the unpaid balance of $4339.46, disallowed as being in excess of the maximum allowance. The $595 above mentioned was disallowed by the Attorney General as being in excess of just compensation. So that petitioner's claim embraces both these items.

It is claimed that these services were no part of the petitioner's official duty, were charged for and allowed without regard to the fee bill, and upon the basis of a *quantum meruit*, and hence they are no proper part of the fees and emoluments of his office. The position of the claimant is that the fees and emoluments of his office are only such as are provided for in the fee bill, section 834, and that services performed outside of this section are neither governed by its provisions nor by the provisions of sections 833 and 835, requiring a return to be made of the fees and emoluments of his office. By section 771 it is not only the duty of the district attorney to prosecute all delinquents for crimes and offences against the Federal laws, but "all civil actions in which the United States are concerned," and there is a finding that the claimant was not only directed by the Attorney General to appear, but that the government was interested either in the prosecution or defence of such

suits, although the direct nature of such interest does not fully appear. We lay no stress upon the fact that, in some of these cases, the government was interested as defendant, and that the petitioner was employed not to prosecute, but to defend, as we think the words "to prosecute all civil actions" should not be interpreted in any technical sense, but should be construed as covering any case in which the district-attorneys are employed to prosecute the interests of the government in any civil action, whether such interest be the subject of attack or of defence. This interpretation is strengthened by a reference to section 359, which authorizes the Attorney General, whenever he deems it for the interest of the United States, to conduct and argue any case in any court of the United States, in which the United States is interested, or may direct any officer of the Department of Justice to do so.

In support of his claim petitioner relies upon section 3 of the act of June 20, 1874, 18 Stat. 101, which provides that "no civil officer of the government shall hereafter receive any compensation or perquisites, directly or indirectly, from the Treasury or property of the United States, beyond his salary or compensation allowed by law. Provided, that this shall not be construed to prevent the employment and payment by the Department of Justice of district attorneys as now allowed by law for the performance of services not covered by their salaries or fees." So far as concerns district attorneys, the salary or compensation allowed by law undoubtedly refers to the compensation provided for by Rev. Stat. § 824. The proviso authorizes the Department of Justice to employ and pay district attorneys, "as now allowed by law," for the performance of services not covered by their salaries or fees. It cannot be presumed, however, that Congress intended thereby to throw the door open to district attorneys to charge what they deemed to be, or what proved to be, a reasonable sum for the performance of such services, as the proviso especially limits them to the cases in which they had heretofore been allowed to be employed and paid by the department for services not covered by their salaries or fees.

The proviso in question was probably designed to be read in

connection with Rev. Stat. § 299, providing that "all accounts of the United States district attorneys for services rendered in cases instituted in the courts of the United States . . . where the United States is interested, but is not a party of record, . . . shall be audited and allowed as in other cases, assimilating the fees, as near as may be, to those provided by law for similar services in cases in which the United States is a party." There is no finding in this case, by which we are enabled to judge what these assimilated fees would be, if taxed upon the basis of the compensation allowed by section 824, but they would doubtless be much less than the amount of petitioner's claim.

But the question in this connection is, not whether the district attorney was lawfully entitled, under the above act, to the amount allowed, but whether, having received it, or at least having been credited with it, he must not account for it as a part of the fees and emoluments of his office. It is possible that he was compellable by law to render this service for the compensation provided for in the fee bill, or for the assimilated fees mentioned in § 299; but, in any case, the compensation was received by him as district attorney, and he is bound to account for it to the government as a part of the emoluments of his office, since by the act of August 7, 1882, 22 Stat. 344, "All fees *or moneys* received by him above said amount" (of $3500 per year) "shall be paid into the Treasury of the United States." As to whether he was compellable to render the services in question for the statutory or assimilated fees above mentioned, we express no opinion, but the fact that the Treasury Department may have allowed him more than he was justly entitled to receive, does not exonerate him from the obligation to return the amount allowed as a part of the emoluments of the office, if it was earned by him in his capacity of district attorney. It can hardly be supposed that Congress could have intended that the Attorney General should not be at liberty to call upon the official representative of the United States in each district to defend, as a part of his official duty, the interests of the government in any suit in which it was interested. It is true, there is a pro-

vision in § 363 that the Attorney General shall, whenever the public interest requires it, employ and retain, in the name of the United States, such attorneys and counsellors at law as he may think necessary to assist the district attorneys in the discharge of their duties, and shall stipulate with such assistant attorneys and counsel the amount of compensation, but this evidently does not contemplate that the district attorney himself shall be so employed. It is essential to the interests of the government that in all suits, criminal and civil, in which it is interested, the Attorney General shall be at liberty to call upon the district attorney to represent it, and his compensation therefor, whether measured by the fee bill or not, is clearly a part of the fees and emoluments of his office. This disposes not only of the $225 included in the unpaid balance of $4339.46, but also of the $595, which is also subject to the additional defence that it has been disallowed by the Attorney General.

The judgment of the Court of Claims is therefore

*Affirmed.*