## UNITED STATES v. WINSTON.

(Circuit Court of Appeals, Ninth Circuit. February 10, 1896.)

### No. 227.

1. DISTRICT ATTORNEYS—COMPENSATION—MILEAGE.

Mileage is not to be included, as part of the compensation allowed to a United States district attorney, in determining whether such compensation has reached the maximum allowed by statute for his services.

2. SAME—SERVICES OUT OF DISTRICT.

The provisions of the statutes relating to the duties and the compensation of district attorneys are confined to services rendered within their districts, and for services rendered outside such districts, at the request of the attorney general, they are entitled to additional compensation, not limited to the rates fixed by the statutes. Ross, Circuit Judge, dissenting.

3. SAME—CASES TO WHICH UNITED STATES NOT A PARTY.

Fees cannot be allowed to a district attorney, under Rev. St. § 299, for services rendered within his district, in a case to which the United States is not a party, upon the basis of the compensation allowed to special counsel retained by the attorney general, but must be assimilated to some of the fees specifically allowed to district attorneys by Id. § 824.

In Error to the Circuit Court of the United States for the District of Washington.

The defendant in error, plaintiff in the court below, sued the United States on nine causes of action, at the time of the accruing of which he was district attorney of the United States for the district of Washington. The causes of action may be summarized as follows: (1) For services as attorney for the defendants upon the trial, in the circuit court, district of Washington, at the July term, 1890, held at Tacoma, of the case of the Catholic Bishop of Nesqually against Gen. John Gibbon et al., involving the title to the land occupied as a garrison and military post at Vancouver, in this state, $2,500, in addition to $2,500 paid to him for said services. (2) For services as attorney for the United States upon the hearing, in the United States circuit court of appeals for the Ninth circuit, at San Francisco, in April, 1892, of the case of the United States against the steam tug Pilot, on appeal from the district court of this district, $287.21, in addition to $212.79 paid to him for said services. (3) For services as attorney for the defendant upon the hearing, on appeal, in the said United States circuit court of appeals, in April, 1892, of the case of Dunsmuir against Bradshaw, as collector of customs for the collection district of Puget Sound, which was an action to recover a sum of money which had been exacted by said collector as a penalty under a statute of the United States, $500. (4) For services as attorney for the United States upon the hearing, in said United States circuit court of appeals, in April, 1892, of the case of the United States against Gee Lee, appealed from the United States district court for this district, $250. (5) For services as attorney for the defendants, in the superior court of the state of Washington for King county, and in this court at a term held at Seattle, in March, April, May, and June, 1893, in two cases against Edwin Eells, as United States Indian agent, and certain officers of the United States army, involving questions as to the right of the government to prevent the building of a railroad across lands which had been allotted and patented to certain Indians pursuant to a treaty made by the United States with the Puyallup tribe (see Ross v. Eells, 56 Fed. 855), $1,500. (6) For actual and necessary traveling expenses in going from his place of abode to the several places at which terms of the United States courts are held in this district, and returning from examinations, before United States' commissioners, of persons accused of violation of laws of the United States, between January 1 and May 30, 1893, a balance of $1,379.84. There was an allegation, in the statement of each cause of action, that the value of the services rendered by the plaintiff was not fixed by the statutes of the United States, and was reasonably worth the sums charged, respectively.

The answer of the United States denied these allegations, but admitted the rendering of the services. As a further defense, the United States alleged as follows: "That, during all the time mentioned in said complaint, the personal compensation of the United States attorney, consisting of fees, per diem, and all other emoluments by law pertaining to said office, including an annual salary, was limited by the statutes of the United States, of which the said plaintiff had full notice and knowledge, to the sum of six thousand dollars per annum, as full compensation and reward for all the services which said plaintiff rendered, or should or might have been required to render, to the United States, or to any officer or agent of the United States, in all cases in which the United States was a party or interested, or in which the said plaintiff should be directed, by the president, the attorney general, or the solicitor of the treasury of the United States, to appear, prosecute, defend, advise, or render any other service whatever, excepting only such services as he might be required to render in suits and proceedings arising under the revenue laws, and for services rendered by direction of the secretary or solicitor of the treasury, on behalf of any officer of the revenue, in any suit against any such officer for any act done by him, or for the recovery of any money received by such officer, and paid into the treasury of the United States, in the performance of the official duty of such officer. (3) That, in suits and proceedings arising under the revenue laws, which should be conducted by said plaintiff, and in which the United States should be a party, the said plaintiff would be entitled to be paid 4 per centum upon all moneys collected or realized in any such suit or proceeding. (4) That, in all cases in which said plaintiff should appear, by direction of the secretary or solicitor of the treasury, on behalf of any officer of the revenue, in any suit against such officer, for any act done by him, or for the

recovery of any money received by him, and paid into the treasury of the United States, in the performance of the official duty of such officer, said plaintiff should receive such compensation as should be certified to be proper by the court in which such suit was brought, and approved by the secretary of the treasury. That, in addition to the amounts in this defense above stated, the said plaintiff was entitled to receive, from the earnings of his office, the necessary expenses of his office, including necessary clerk hire, all to be audited and allowed by the proper accounting officers of the treasury department of the United States." The answer also alleges full payment of said items of charge, and "that none of the suits and proceedings mentioned in the complaint herein were suits or proceedings against any officer of the revenue, for any act done by him as such officer; or for the recovery of any money received by such officer, and paid into the treasury, in the performance of the official duty of such officer, except the case mentioned in the third paragraph of the third cause of action of said complaint, and that as to said suit, the compensation claimed by plaintiff was not certified to be proper by the court in which said suit was brought, and was not approved by the secretary of the treasury. That none of the sums of money claimed by plaintiff in said complaint are for services rendered by him in any suit or proceeding arising under the revenue laws, and conducted by him, in which the United States was a party, and in which any moneys had been collected or realized. Wherefore defendants say that the said plaintiff is not entitled to have and recover from them any sum of money whatever, and, having fully answered herein, pray to be hence discharged, and to recover their reasonable costs and disbursements herein expended."

There was an amended complaint filed, containing three other causes of action for balances due for fees and emoluments fixed by statute, for the years 1890, 1891, and 1892, respectively, in the amounts of $799.71, $810, and $490.83. The allegation of the complaint was the same in all the causes of action, except as to the amounts due. Selecting from the first cause of action, they were as follows: "(1) That he is a resident of the city of Spokane, county of Spokane, state of Washington. (2) That, from the 19th day of February, 1890, until the 30th day of May, 1893, he was the lawfully appointed and duly commissioned and qualified attorney for the defendant, in and for the district of Washington. (3) That, during his said term of office, to wit, between February 18, 1890, and December 31, 1890, he became entitled to receive from the defendant the sum of six thousand six hundred and nineteen and $23/100$ dollars, as compensation, for fees, salary, disbursements for clerk hire, office expenses, and attendance upon the courts of the United States, and upon commissioner's courts, and for traveling from his place of abode to the place of holding said courts or said examinations; that, of said sum, defendant has paid plaintiff the sum of five thousand eight hundred and nineteen and $52/100$ dollars, leaving a balance due and unpaid plaintiff of seven hundred and ninety-nine and $71/100$ dollars. (4) That thereafter, and before the bringing of this suit, plaintiff demanded payment of the same from defendant, but that defendant has not paid the same, and refuses to pay the same."

The answer of the United States to this amended complaint admitted paragraph 1 of each of the causes of action, but denied all other allegations, except that it had paid plaintiff the amounts stated to have been paid.

The circuit court made findings of fact from the testimony, which may be condensed as follows: That plaintiff was district attorney for the district of Washington from the 19th of February, 1890, to the 30th of May, 1893, and was a resident of the city of Spokane, state of Washington. That he performed the services stated in the first cause of action, and that they were reasonably worth the sum of $5,000, of which the plaintiff was paid $2,500, the amount fixed by the attorney general as special compensation, the law providing no specific compensation. That he performed the services stated in the second cause of action, and that they were reasonably worth the sum of $400, which was allowed by the attorney general, the law providing no specific compensation. That defendant paid plaintiff $212.79, retaining the balance of $187.21, claiming that this was in excess of the personal compensation and emoluments plaintiff was entitled to receive for the year in which the services

were rendered. That the services were performed as alleged in the third cause of action, and that the value of the services was not fixed by law, and they were worth $250, and were fixed by the attorney general at that sum. That it has not been paid, but has been retained on the claim that it is in excess of earnings above the maximum allowed by law for 1892, the year the services were performed. That, for said years, defendant charged plaintiff, as part of his maximum of personal compensation, the compensation allowed by law for travel, on a mileage basis, and that such compensation was in excess of said sum of $187.21, and said sum of $250. That plaintiff performed the services as alleged in the third cause of action; that their value was not fixed by law, were worth the sum of $500, and were fixed at $310 by the attorney general, and that said sum has not been paid, and will not increase his compensation, for the year, above the legal maximum. That the services alleged in the fourth cause of action were performed as alleged. That they were begun while plaintiff was district attorney, and finished afterwards, and compensation was respectively fixed for them by the attorney general at $400 and $600. That congress, since the beginning of the action, has appropriated the said sum of $600 to pay plaintiff. and he has received the same, but the $400 has not been paid. That "plaintiff is lawfully entitled to receive and retain the following maximum personal compensation in the way of fees and emoluments for the year 1893, to wit: Fees, $2,465.75; mileage, $1,629.60; commissions on proceeds of forfeited opium, $11.60; clerk hire, printing, and other incidental expenses, approved by the attorney general, $776.60,—aggregating the sum of $4,883.55. He has been paid, including the sum of $600 appropriated for his services in Ross v. Eells (Puyallup Indian case), $3,842.35. There is a balance due him for said year 1893, of $1,041.20, composed of the sum of $400, due for special services, before his removal from office, in the Ross-Eells case, and of $641.20, which was withheld by defendant as being in excess of his maximum personal compensation. There was charged against plaintiff, as part of his maximum personal compensation for said year 1893, as mileage, $1,629.60, which amount is in excess of the amount of $1,041.20 above referred to. That, during plaintiff's term of office, to wit, February 19, 1890, and December 31, 1890, there was withheld from him, as excess of his maximum personal compensation, the sum of $566.38, and during the year 1891 there was withheld from him, as excess of his personal compensation, the sum of $750. In each of said years there was charged against plaintiff, and included in his emolument accounts, as part of his maximum personal compensation, an amount of mileage in excess of said sums, without which there would have been no surplus of earnings above the maximum."

As conclusion of law, the court found and gave judgment for the following sums: $187.21, balance due on second cause of action; $250, due on third cause of action; $400, on fourth cause of action; $566.38, for fees earned in the year 1890; $750, for fees in 1891; $641.20, for fees in 1891,—the same being, respectively, fixed by law, and being withheld as being in excess of maximum.

In 33 assignments the United States assign these findings and rulings as error. The case is presented on the judgment roll alone.

H. S. Foote, U. S. Atty.

J. C. McKinstry, for defendant in error.

Before McKENNA, GILBERT, and ROSS, Circuit Judges.

McKENNA, Circuit Judge (after stating the case as above). We must accept as correct and legal the finding of the court as to the amount of fees and mileage earned by the plaintiff, and the fact that it was by including the mileage the United States made the amounts sued for by the defendant in error to be in excess of the maximum compensation allowed by law. That this could be legally done seems to be the basis of the answer of the United States. In the case of Smith v. U. S., 26 Ct. Cl. 568, the contrary was held, and this decision

has been affirmed by the supreme court of the United States. 158 U. S. 346, 15 Sup. Ct. 846. The latter court, speaking by Mr. Justice Brewer, said:

"While an allowance for travel fees or mileage is, by section 823, Rev. St., included in the fee bill, we think it was not intended as compensation to a district attorney for services performed, but rather as a disbursement for expenses, or presumed to be incurred in traveling from his residence to the place of holding court, or to the office of the judge or commissioner."

It follows from this and from the effect necessary to be given to the finding of the circuit court, that there was no error in allowing the fees earned in the years 1890, 1891, and 1893, to wit, the items of $566.38, $750, and $641.20. This leaves for consideration only the fees allowed in special cases, to wit, The Pilot against United States, Dunsmuir against Bradshaw, United States against Gee Lee, and Ross against Eells.

The services in the first three cases were performed at the request of the attorney general, in this court, and the compensation for them fixed by him. Part of the sum allowed in The Pilot against United States was paid, and the balance was retained because it was in excess of the maximum of personal compensation allowed by law. The same reason was given for the non-payment of the fee in United States against Gee Lee. Why the fees in the other two cases were retained does not appear. However, it is now broadly contended that the fees were illegal, that the services for which they are claimed the plaintiff was compelled to render at the request or direction of the attorney general, and that there is no authority of law for paying him any fee in excess of the fees allowed by law under section 824, Rev. St., and the statutes giving the district of Washington double fees. It is further urged that the findings show the fees allowed are in excess of any fees that could have been allowed by sections 824 and 299 of the Revised Statutes. This contention depends upon the answer to the question whether the provisions of the statute relating to district attorneys are to be confined to services rendered within their districts, or are to be construed as governing services rendered elsewhere, making these as much official as the others. Section 767 of the Revised Statutes provides that:

"There shall be appointed in each district, except in the Middle district of Alabama and the Northern district of Georgia and the Western district of South Carolina, a person learned in the law to act as attorney of the United States in such district. * * *"

By this section the sphere of his duty is his district. He is attorney for the United States within that, and section 771, which defines his duties, repeats the limitation. It is as follows:

"Sec. 771. It shall be the duty of every district attorney to prosecute in his district all delinquents for crimes and offenses cognizable under the authority of the United States, and all civil actions in which the United States are concerned, and, unless otherwise instructed by the secretary of the treasury, to appear in behalf of the defendants in all suits or proceedings pending in his district against collectors, or other officers of the revenue, for any act done by them, or for the recovery of any money exacted by or paid to such officers, and by them paid into the treasury."

Sections 823 and 824 only provided the fees and compensation, stating and enumerating the instances of service, and fixing a fee for each of them. It is not necessary to quote these sections at length, as, manifestly, they are only incidental to our inquiries. It may be observed, however, that the mileage allowed by section 824 is confined to traveling to United States courts in this district. Besides these sections, section 299 must be considered. It is as follows:

"Sec. 299. All accounts of the United States district attorneys for services rendered in cases instituted in the courts of the United States, or of any state, when the United States is interested, but is not a party of record, or in cases instituted against the officers of the United States, or their deputies. or duly appointed agents, for acts committed or omitted or suffered by them in the lawful discharge of their duties, shall be audited and allowed as in other cases, assimilating the fees, as near as may be, to those provided by law for similar services in cases in which the United States is a party."

Special stress is put upon this section by counsel for the United States as fixing the compensation for services rendered by a district attorney outside of his district. But the section is silent as to the locality of the service. Besides, it is but a direction to the officers of the treasury of the manner of auditing an account of certain official services, and, while it gives a measure of their compensation, it does no more. It certainly does not enlarge the powers of a district attorney, or his official scope. It would have strange and confusing consequences if it did. Under it, any district attorney could claim or be compelled to take authority in every district in the country besides the one to which he was appointed. It seems to us, therefore, that all these provisions apply to services of a district attorney rendered within his district, and for services outside of it they prescribe no rule.

The United States also claims that the plaintiff is precluded from recovering, to the extent awarded by the circuit court, by section 3 of the act of June 20, 1874 (18 Stat. 109), which provides that:

"No civil officer of the government shall hereafter receive any compensation or perquisites, directly or indirectly, from the treasury or property of the United States, beyond his salary or compensation allowed by law: Provided, that this shall not be construed to prevent the employment and payment by the department of justice of district attorneys as now allowed by law for the performance of services not covered by their salaries or fees."

This statute, like the sections of the Revised Statutes already considered, must be confined to "compensation or perquisites" claimed officially. The words "compensation or perquisites" import this. The provision was, no doubt, intended to give exactness, and confine the remuneration of officers to the fees and compensation expressly allowed by the various and appropriate statutes.

The services in the cases of Ross against Eells were rendered within plaintiff's district. The cases were commenced in a state court, and removed to the federal court. The best view which can be taken of the services is that they are governed by section 299, Rev. St. Even if this be so, defendant in error urges that, notwithstanding, the compensation claimed must be allowed, because (1) the record is silent as to whether the attorney general and the

accounting officers assimilated the fees under section 824, and that these officers must be favored with the presumption that they knew the law and properly performed their official duty; (2) that the only services similar to those for which Winston (defendant in error) seeks a recovery are rendered by attorneys especially retained on behalf of the government in particular cases, and that for such services the attorney general is authorized to fix the amount of compensation, and that in this manner, at least, the fees of defendant in error were correctly assimilated by virtue of section 299. We do not think either position is well taken. We think the record is very clear that the compensation allowed by the attorney general, to wit, $400, was not allowed in assimilation of any fee provided for by section 824, or that the test of cases under section 299 is what would be allowed to private counsel employed by the attorney general. It follows, therefore, it was error to allow this item, and the judgment must be modified accordingly, and it is so ordered. In all else, it is affirmed.

ROSS, Circuit Judge. I dissent. The items of $566.38, $750, and $641.20, allowed the plaintiff by the court below, and for which he was given judgment, were for fees legally earned by him in the years 1890, 1891, and 1893, respectively, and duly allowed by the accounting officers, but withheld by the treasury department upon the ground that they were all in excess of $6,000 per annum, the maximum compensation allowed by law to district attorneys. To make up that maximum, however, the officers of the treasury included mileage fees allowed to the plaintiff, exceeding in amount the aggregate of the three items above stated. In U. S. v. Smith, 158 U. S. 346, 15 Sup. Ct. 846, it was held that mileage fees constitute no part of the compensation allowed district attorneys for services, from which it necessarily results that the plaintiff was properly awarded, by the court below, judgment for the sums, respectively, of $566.38, $750, and $641.20.

But the amounts awarded the plaintiff in the court below in the cases entitled The Pilot against United States, Dunsmuir against Bradshaw, United States against Gee Lee, and Ross against Eells, have no such basis to rest upon. In the first three of these cases, the services for which the plaintiff was allowed compensation were rendered outside of his district, and in this court of appeals at the city of San Francisco. The services were rendered by the direction of the attorney general, which officer fixed the compensation to be allowed the plaintiff for his services in the case of The Pilot against United States at the sum of $400, in the case of Dunsmuir against Bradshaw at $310, and in the case of United States against Gee Lee at $250. In Ross v. Eells the plaintiff's services were rendered within the district of Washington, of which district the plaintiff was United States attorney from the 19th day of February, 1890, to May 30, 1893. In March, 1893, two suits were brought in the state court of Washington by one Frank Ross and certain Indians against Edwin Eells and other officers of the United States, in which suits the plaintiff, at the request of the United

States, appeared, and caused them to be removed into the United States court for the district of Washington. Part of the plaintiff's services in those suits were rendered while he held the position of attorney for the government, and a part after his term of office had expired. For the services rendered by him while in office, the attorney general made an allowance to the plaintiff of $400, which has not been paid, and for services rendered by him after his term of office expired, the attorney general made an allowance of $600, for which congress subsequently made an appropriation, and which the plaintiff has received.

The questions, therefore, remaining for decision, are whether the plaintiff is entitled to the judgment he recovered in the court below for the respective sums allowed him by the attorney general for his services rendered while in office in his own district in the cases of Ross against Eells and in this court of appeals, in San Francisco, in the cases entitled, respectively, The Pilot against United States, Dunsmuir against Bradshaw, and United States against Gee Lee. And they depend for solution upon the provisions of the statute; for it is clear that, unless there is statutory authority for the claims of the plaintiff, the court is without power to give judgment against the United States therefor. "Fees allowed to public officers," said the court, in U. S. v. Shields, 153 U. S. 88, 91, 14 Sup. Ct. 735, "are matters of strict law, depending upon the very provisions of the statute. They are not open to equitable construction by the courts, nor to any discretionary action on the part of the officials."

Turning, now, to the provisions of the statute in respect to the compensation allowed district attorneys, we find it provided, by sections 823 and 824 of the Revised Statutes, as follows:

"Sec. 823. The following and no other compensation shall be taxed and allowed to attorneys, solicitors and proctors in the courts of the United States, to district attorneys, * * * except in cases otherwise expressly provided by law. * * *

"Sec. 824. * * * For examination by a district attorney before a judge or commissioner of persons charged with crime, $5.00 a day for the time necessarily employed. For each day of his necessary attendance in a court of the United States on the business of the United States, when the court is held at the place of his abode, and for his attendance when the court is held elsewhere, $5.00 for each day of the term. For traveling from the place of his abode to the place of holding any court of the United States, in his district, or to the place of any examination before a judge or commissioner of a person charged with crime, ten cents a mile for going, and ten cents a mile for returning. When an indictment for crime is tried before a jury and a conviction is had, the district attorney may be allowed, in addition to attorney's fees herein provided, a counsel fee in proportion to the importance and difficulty of the cause, not exceeding $30.00."

Sections 825, 826, and 827 of the Revised Statutes, relating, as they do, to fees allowed the district attorney in revenue cases and in suits on official bonds, have no application to the present case, and need not, therefore, be referred to. By section 771 of the Revised Statutes it is provided that:

"It shall be the duty of every district attorney to prosecute in his district all delinquents for crimes and offenses cognizable under the authority of the United States, and all civil actions in which the United States are concerned, and, unless otherwise instructed by the secretary of the treasury, to appear

in behalf of the defendants in all suits or proceedings pending in his district against collectors or other officers of the revenue, for any act done by them, or for the recovery of any money exacted by or paid to such officers, and by them paid into the treasury."

By the section last mentioned it is made the duty of a district attorney, among other things, to prosecute, in his district, "all civil actions in which the United States are concerned." This requirement is confined to his district, and his compensation, provided for by sections 823 and 824, supra, is for services rendered within his own district. None of these provisions of law relate to services rendered by district attorneys outside of their districts. By section 3 of the act passed by congress June 20, 1874 (18 Stat. 109), it is provided that:

"No civil officer of the government shall hereafter receive any compensation or perquisites directly or indirectly from the treasury or property of the United States beyond his salary or compensation allowed by law: Provided, that this shall not be construed to prevent the employment and payment by the department of justice of district attorneys, as now allowed by law, for the performance of services not covered by their salaries or fees."

This proviso, the supreme court held, in U. S. v. Smith, supra, "authorizes the department of justice to employ and pay district attorneys 'as now allowed by law' for the performance of services not covered by their salaries or fees," but that it cannot be presumed "that congress intended thereby to throw the door open to district attorneys to charge what they deemed to be, or what proved to be, a reasonable sum for the performance of such services, as the proviso especially limits them to the cases in which they had heretofore been allowed to be employed and paid by the department, for services not covered by their salaries or fees." The proviso, the court proceeded to say, "was probably designed to be read in connection with Rev. St. § 299, providing that 'all accounts of the United States district attorneys for services rendered in cases instituted in the courts of the United States, * * * where the United States is interested, but is not a party of record, * * * shall be audited and allowed as in other cases, assimilating the fees, as near as may be, to those provided by law for similar services in cases in which the United States is a party.' "

It is perfectly clear, from the findings of the court below, that the amounts allowed by the attorney general to the plaintiff, upon which the court below proceeded in giving him judgment for services rendered in his capacity of district attorney in his district in the cases entitled Ross against Eells, and in this court in the cases entitled, respectively, The Pilot against United States, Dunsmuir against Bradshaw, and United States against Gee Lee, were not assimilated to the fees and compensation provided for by section 824 of the Revised Statutes, referred to in the proviso to section 3 of the act of June 20, 1874, as held by the supreme court in U. S. v. Smith, supra. The fact that such assimilated fees often may, and in this case will, be very inadequate compensation, cannot justify this court in sustaining a judgment against the United States not justified by the law as it exists.

Whether a district attorney can be compelled to render services for the government outside of his district by the direction of the attorney

general is a question we are not called upon to decide. That the attorney general is at liberty to call upon the district attorney in each district to defend, as a part of his official duty, the interest of the government in any suit there pending in which it is interested, seems to be held in the case of U. S. v. Smith. It is also there held that the provision, found in section 363 of the Revised Statutes, authorizing the attorney general, whenever the public interest requires it, to employ and retain, in the name of the United States, such attorneys and counselors at law as he may think necessary to assist the district attorneys in the discharge of their duties, and to stipulate with such assistant attorneys and counselors the amount of compensation, does not contemplate that the district attorney himself shall be so employed.

It results from what has been said that the allowances made by the court below to the plaintiff for services rendered in the cases entitled, respectively, Ross against Eells, The Pilot against United States, Dunsmuir against Bradshaw, and United States against Gee Lee, were without authority of law, and that the judgment to that extent is erroneous. I therefore think the cause should be remanded to the court below, with directions to modify the judgment in accordance with the views above expressed.