JACK & TONER v. THE D. M. & FT. D. R. CO. ET AL.

1. **Pleading; INCONSISTENT COUNTS.** The fact that an objectionable count in a pleading is joined with an unobjectionable one, or that two counts are based upon different states of fact, does not render the pleading liable to a motion to strike.

2. **Jurisdiction: ESTOPPEL.** A party who voluntarily intervenes in an action is estopped to subsequently deny the jurisdiction of the court.

3. **Pleading: COUNTER-CLAIM.** Section 2666 of the Code, providing that a reply must not be inconsistent with the petition, does not apply to an amendment to a petition, after a petition for intervention has been filed, which is in effect an answer to the latter and sets out a counter-claim, notwithstanding such amendment be inconsistent with the original petition.

*Appeal from Polk Circuit Court.*

THURSDAY, DECEMBER 5.

THIS action was commenced against the railroad company to recover the value of a car load of wheat consigned to the plaintiffs, which the company refused to deliver to them. The consignors of the wheat, Kenworthy & Deaton, intervened, claiming they were interested in the subject-matter of the action, and filed their petition of intervention. To such petition the plaintiffs demurred, and moved to strike the same from the files. Both were overruled. Thereupon the plaintiffs filed an amendment to their petition, and an answer to the petition of intervention. These pleadings, on motion of the intervenors, were stricken from the files, and the plaintiffs appeal.

*Clark & Connor*, for appellants.

*Berryhill & Henry*, for appellees.

SEEVERS, J.—I. The error, if any, in overruling the demurrer and motion to strike the petition of intervention was waived by filing an answer thereto.

II. The plaintiffs, in the petition, sought to recover the value of the wheat on the grounds that it had been consigned to them, was their property, and they had paid the freight thereon. The amended petition, which was filed after the petition of intervention, consisted of two counts. The intervenors were thereby made parties to the action, and the first count made all the allegations of the petition applicable to them, and the same relief was asked against them as against the defendant.

*1. PLEADING: inconsistent counts.*

The second count sought to recover of the defendant and intervenors certain sums of money which they claimed to have paid the intervenors as a part of the purchase price of the wheat which they had paid, and also certain money they had paid as freight. The right to recover the full value of the wheat was abandoned in this count.

Counsel for the appellees say: "To the first count of the amendment possibly no objection could be urged except that it is joined with a count which is not allowable by any rules of pleading which have come within our observation." We go somewhat further and hold that the first count was entirely unobjectionable, but we do not concur in the view that because it was joined with one which was objectionable the whole pleading should be stricken out. No argument is made or authority cited in support of such position, and it is untenable. It was, therefore, error to strike the amendment to the petition from the files. It is possible, however, this was not prejudicial as to the first count.

It is said the second count is inconsistent with the petition, sets up a new and different cause of action, and joins a cause of action on contract with one sounding in tort. The Code expressly provides that such causes of action in contract and tort may be joined. Section 2630.

The petition seeks to recover on one state of facts, and the second count in the amendment on another state of facts, and such a pleading is now allowable under the Code. *Pearson v. M. & St. P. R. Co.*, 45 Iowa, 497.

Whether the second count of the amendment states facts warranting a recovery against the defendant we have no occasion to determine, because no objection is made thereto by the railroad company. Nor is it proper for us to now say whether, under the petition and amendment thereto, there must be a joint recovery or none at all. Nor is this case brought within the rule established in *Addicken v. Schrubbe*, 45 Iowa, 315.

III. The intervenors are residents of Dallas county, and, therefore, it is insisted the amendment to the petition was

2. JURISDICTION: estoppel.   properly struck off, because the action could only be brought in that county against them.

We, however, are of the opinion, as the intervenors voluntarily appeared to the action and filed their petition of intervention, that they are estopped from now saying the court did not have jurisdiction of them for any purpose or of any cause of action which, by a proper amendment to the pleadings, could be joined with the pending action.

IV. The petition of intervention sought to prevent the plaintiffs from recovering because the intervenors were the

3. PLEADING: counter-claim.   owners of the wheat. They concede in their pleading that the plaintiffs paid a certain sum as a part of the purchase price of the wheat, but allege the sale was for cash, and that, plaintiffs refusing to pay the balance due, they stopped its delivery, took possession thereof, and sold the same in the market, as they claim they had the right to do, and thus fully indemnified themselves. No affirmative relief was, therefore, asked, and the petition of intervention was pleaded in the form of an answer to the petition. Notwithstanding this we are of opinion it in substance stated a cause of action against the plaintiffs; or, if this be not true, it stated matters which the plaintiffs had the right to answer, and plead a counter-claim thereto. This they did, and sought, under the facts stated in their pleading, not only to defend against the matters alleged in the petition of intervention, but to recover the money paid for the wheat, and on account of freight thereon. This pleading in sub-

stance was an answer and counter-claim, and should not be regarded as a reply. Therefore, Code, § 2666, providing that the reply must not be inconsistent with the petition, does not apply.

The court below erred in striking the answer and counter-claim from the files.

REVERSED.