PRESIDENT, etc., OF BOWDOIN COLLEGE et al. v. MERRITT et al.

(Circuit Court, N. D. California. November 27, 1893.)

No. 11,565.

1. FEDERAL COURTS—ENJOINING PROCEEDINGS IN STATE COURTS.

A federal court which has obtained jurisdiction may enjoin a party from prosecuting in a state court a subsequent action which will defeat or impair the same, notwithstanding the provision of Rev. St. § 720. Sharon v. Terry, 36 Fed. 365, followed.

2. APPEARANCE—INTERVENING PETITION.

One who files an intervening petition thereby submits himself to the jurisdiction of the court.

In Equity. Suit by the president and trustees of Bowdoin College and others against James P. Merritt, Frederick A. Merritt, and others, to remove cloud from title. A demurrer to the bill was heretofore overruled. 54 Fed. 55. The case is now heard on an application to file a supplemental bill making Harry P. Merritt a party defendant, and for injunction to restrain the prosecution of an action commenced by him in the superior court of Alameda county, Cal. Leave given, and preliminary injunction granted.

Blake, Williams & Harrison and Pillsbury & Hayne, for complainants.

Horace W. Philbrook and Arthur Rodgers, for respondent James P. Merritt.

McKENNA, Circuit Judge. The facts of this case have become familiar. It will only be necessary, therefore, to say, in general, it is brought by the college and certain persons as beneficiaries of a trust deed made by one Catherine Garcelon to the defendants Stanley and Purington. They sue for themselves and all others interested under the deed. The suit is to enjoin the defendant J. P. Merritt from asserting claim to the property described in the deed, contrary to his contract, as heir of Dr. Merritt, from whom Mrs. Garcelon derived the property, and thereby embarrass or prevent the execution of the trust; and the action is, as Judge Hawley said, to quiet the title. The right of complainants to sue was de-

cided by Judge Hawley, sitting as circuit judge, and has become the law of the case, precluding further discussion on the pleadings. 54 Fed. 55.

Harry P. Merritt, against whom the present proceeding is described, is a beneficiary under the trust deed aforesaid, $10,000 being directed thereby to be given to him. He was also made one of the executors of Mrs. Garcelon's will, and one of the residuary legatees thereof. The supplemental bill alleges that he was made legatee, not to give him standing to attack the trust in favor of complainants, but to protect and preserve it; that he knew of this purpose, and induced Mrs. Garcelon to believe that he would execute it; that he made complainants believe that he would execute it, and at the time of the commencement of this suit was friendly to, and co-operated in, its purpose; and that on the 12th day of March, 1892, he filed, with other beneficiaries, a petition of intervention in said suit, to be made a party plaintiff thereto, in which petition he affirmed the truth of the allegations of the bill of complainants. This petition is still pending. Afterwards, it is alleged, he conspired with James P. Merritt and others to defeat the said trust, resigned his position of executor, and it was agreed between him and said James P. Merritt and others that James P. should contest the will, and if he should fail he would, as residuary legatee, attack the trust deed on the ground of mental incapacity of Mrs. Garcelon to make the same; that James P. Merritt prosecuted a contest against said will in the superior court of Alameda county, which was defeated; and that Harry P. Merritt, in execution of the conspiracy with James P. Merritt and others, has commenced a suit in the superior court of Alameda county against the trustees of said trust deed, and he has petitioned the court for the appointment of a receiver of the property described therein. The complainants were originally made defendants in said suit, but were dismissed on motion of said Harry P. Merritt.

The object of the supplemental bill is to make Harry P. Merritt a party defendant in this action, and enjoin him from the further prosecution of said suit in the state court. But it is urged by his counsel that his cause of action is independent of that of the other Merritt, though it may require the decision of the same questions, and that an injunction restraining him is prohibited by section 720 of the Revised Statutes. It is as follows: "The writ of injunction shall not be granted by any court of the United States to stay proceedings in any court of a state except in cases where such injunction may be authorized by any law relating to proceedings in bankruptcy." In Sharon v. Terry, 36 Fed. 365, this section was held by Judges Field, Sawyer, and Sabin not to apply, where the federal court has first obtained jurisdiction. Justice Field, delivering the opinion of the court, said, "In such cases the federal court may restrain all proceedings in a state court which would have the effect of defeating or impairing its jurisdiction." In support of this the learned justice cited Fisk v. Railroad Co., 10 Blatchf. 520; Wagner v. Drake, 31 Fed. 851; French v. Hay,

22 Wall. 250; Dietzsch v. Huidekoper, 103 U. S. 494. The suit of complainants in this court was prior in time to Merritt's suit in the state court; and it is very clear, if he should succeed in having a receiver appointed of the property, the jurisdiction of this court would be very much embarrassed, if not defeated or impaired. If, therefore, this court had jurisdiction of said Merritt at the time he commenced his suit, it can and ought to enjoin its further prosecution.

When a court obtains jurisdiction of a defendant is clear. It is by service of process upon him, or his voluntary appearance. The appearance of the plaintiff is always voluntary. He invokes jurisdiction by filing a petition, bill, or complaint, or it may be jurisdiction in equity can be invoked for him, if he have a common interest with others, and some of them should sue for themselves and all others, including him. The bill in this case was filed, not only on behalf of plaintiffs by name, but on behalf of all others interested, of whom Merritt was one. In a sense, he was a party to the action. Indeed, a suit which is brought by some and not by all the parties having a common interest must be brought on behalf of all interested, or it will be demurrable for want of proper parties. Story, Eq. Pl. § 107. And such a bill binds the rights and interests of the others. Id. § 128. The right of a few to sue for all existing, with power in the suit to bind the right and interest of all, it would not be unreasonable to contend, would give a jurisdiction which could be protected from an attempt to impair or defeat it by a subsequent suit by any of the parties interested, in another court. But this need not be insisted on. It was certainly open to Merritt to come into the action, and he filed a petition to intervene. By this, complainants contend, he appeared, and submitted to the jurisdiction of the court.

In Jack v. Railroad Co., 49 Iowa, 627, third parties intervened, claiming they were interested in the subject-matter of the action, and filed their petition of intervention. The plaintiffs demurred to and moved to strike it from the files. Both were overruled. The plaintiffs amended their petition, and filed an answer to the petition of intervention. These pleadings were stricken from the files, and plaintiffs appealed. The interveners were residents of Dallas county, and therefore insisted the amendment to the petition was properly struck off because the action could only be brought against them in that county. The court held that the interveners voluntarily appeared in the action, and were estopped from saying that the court did not have jurisdiction over them for any purpose or cause which, by proper amendment to the pleadings, could be joined with the pending action. It may be said this case is distinguishable from the one at bar, inasmuch as the petition for intervention was filed, and petitioner participated in the case. But jurisdiction must attach at some moment of time, and the proper and efficient moment must be when the jurisdiction is first appealed to and invoked. It is from the first moment that a party appeals to the jurisdiction of the court that he is estopped to deny it. And

this was, in effect, decided in Cooley v. Lawrence, 12 N. Y. Super. Ct. 609. The opinion states that, by a rule of the supreme court of the state, service of an appearance, or retainer by an attorney, shall in all cases be deemed an appearance, except where special bail is required; and the plaintiff, in filing such notice at any time thereafter, may have the appearance of the defendant entered nunc pro tunc. And notice of retainer even, was held to have the same effect as an appearance actually entered. Francis v. Sitts, 2 Hill, 362. Judge Hoffman, rendering the opinion of the court, said:

"What, then, is the entry of an appearance in a state court must be interpreted by the court, and the practice of that court; and I think that what is held in such court to be a submission to its authority in the cause, whether coerced or voluntary, must be deemed an appearance, and, further, when such submission has once been made it cannot be retracted."

I think, therefore, that, when Harry P. Merritt filed his petition for intervention, he submitted himself to the jurisdiction of the court.

Leave to file the supplemental bill is granted, and the preliminary injunction is granted, as prayed for.