GEORGE W. STONE, RECEIVER, ETC., v. ROLLIN H. PERSON, CIRCUIT JUDGE OF INGHAM COUNTY.

*Equity practice—Intervention by claimant—Nunc pro tunc order.*

1. A creditor of an insolvent banking corporation organized under the State law, for which a receiver has been appointed, should apply to the court in which the proceedings are pending for leave to intervene, before filing his petition therein as a claimant; citing *Bank v. Circuit Judge*, 98 Mich. 173.

2. While the practice is not to be encouraged, it is competent, generally, for said court, by a *nunc pro tunc* order, to authorize and validate such unauthorized intervention by said claimant.

3. An order sustaining the demurrer of the petitioner to the plea in abatement filed by the receiver to said petition, and a subsequent order denying the application of the receiver to strike said petition from the files, are equivalent in all respects to such *nunc pro tunc* order.

*Mandamus.* Submitted March 19, 1895. Order to show cause denied May 7, 1895.

Relator was appointed receiver of the Central Michigan Savings Bank, upon bill filed by the Banking Commissioner. Thereafter one Addie F. Buck, without applying for leave to intervene, filed her petition in said suit for an order requiring relator to pay an alleged claim held by her against the bank, to which petition relator interposed a plea in abatement. A demurrer to said plea was sustained, and relator's motion to dismiss the petition of the intervener denied; whereupon relator applied for *mandamus* to compel the relief desired.

*M. V. & R. A. Montgomery*, for relator.

PER CURIAM. The voluntary intervention by Mrs.

Buck, and the filing of her petition in the pending chancery suit of *Sherwood, Commissioner, v. Central Michigan Savings Bank*, without having first obtained leave to do so, were undoubtedly irregular and unauthorized. The correct practice is pointed out in *Citizens' Savings Bank v. Circuit Judge*, 98 Mich. 173. The circuit judge might, and perhaps should, have dismissed or stricken from the files her petition. But he declined to do so, and the question now is, shall this Court by *mandamus* compel it to be done? If Mrs. Buck had applied for leave to intervene and to file her petition, such leave could, and probably would, have been granted. That course should have been pursued. But, while the practice is not to be encouraged, it is undoubtedly competent, generally, for the chancery court, by order *nunc pro tunc*, to authorize and validate the intervention and the filing of such petition by a claimant. We are satisfied that the order of the circuit court for the county of Ingham, in chancery, sustaining petitioner's demurrer, and the subsequent order of March 16 last, denying the application to strike the petition of Mrs. Buck from the files, should be treated as equivalent in all respects to such order *nunc pro tunc*.

It follows that the *mandamus* prayed for cannot issue. Relator's application, therefore, for an order to show cause, must be denied.