## HILBORN *v.* UNITED STATES.

### APPEAL FROM THE COURT OF CLAIMS.

No. 267. Submitted May 1, 1896. — Decided May 18, 1896.

Fees allowed by the court to the district attorney for his services in defending *habeas corpus* cases, brought to release from the custody of masters of vessels Chinese emigrants, whom the collector of the port had ordered detained, should be accounted for by him in the returns made by him to the government, of the fees and emoluments of his office.

It would require a strong case to show that services, for which the district attorney is entitled to charge the government a fee, are not also services for the earnings of which he should make return to the government in his emolument account.

THIS was a petition by the district attorney for the District of California for certain fees for services rendered by direction of the Attorney General, in connection with various *habeas corpus* cases of Chinamen desiring to enter this country; the total amount of disallowances in this connection being in the vicinity of $7000. Defendants filed a counterclaim for moneys claimed to be erroneously and illegally allowed and paid by the accounting officers of the Treasury Department in the sum of $930, in excess of the fees and compensation prescribed by law.

In this connection the Court of Claims made a finding of facts to the effect that the claimant appeared and resisted certain proceedings in cases prosecuted in the proper court of the United States, wherein writs of *habeas corpus* had been issued on behalf of subjects of the Emperor of China, to masters of certain vessels arriving at the port of San Francisco, by whom persons were detained by order of the collector of said port, acting under color of the authority of the act of Congress of May 6, 1882, c. 126, 22 Stat. 58, and of July 5, 1884, c. 220, 23 Stat. 115. Judgment was rendered without a jury in each case. For these services, the judge, upon approving claimant's accounts under the act of February 22, 1875, taxed and allowed him an assimilated fee of $10 in each case, certified it to be a just and reasonable compensation, and that it had been assimilated to such fee as is prescribed by section 824 of the Revised Statutes for similar services in cases in which the United States are a party, and where judgment is rendered without a jury.

The case involved several other points, not questioned upon this appeal, and resulted in a judgment in favor of the petitioner for $594.60 and a dismissal of the counterclaim. From this judgment petitioner appealed, assigning as error that the Court of Claims erred in holding that the assimilated fees, earned by him in resisting the *habeas corpus* proceedings, were to be included in his emolument return or counted in making up his maximum compensation, and that the judgment of the court should have been for the sum of $8230.

*Mr. Charles King* and *Mr. William B. King* for appellant.

*Mr. Assistant Attorney General Dodge* for appellees.

MR. JUSTICE BROWN, after stating the case, delivered the opinion of the court.

The only question presented by this appeal is whether the assimilated fee of ten dollars allowed by the court to the district attorney for his services in defending a large number of *habeas corpus* cases, brought to release from the custody of masters of vessels certain Chinese emigrants, whom the collector of the port had ordered detained, should be accounted for by him in the returns made by him to the government, of the fees and emoluments of his office. No showing was made of any special employment of the district attorney in these cases, either by the court or by the Attorney General, or any other officer; and apparently his appearance for the United States, and his defence of these proceedings, was construed as a proper part of his duties as district attorney, and was voluntary. The question is whether these services were so far a part of the official duties of the district attorney as to require him to make return to the government of the fees earned therefor as emoluments of his office, within the meaning of Rev. Stat. 833, which directs the district attorney to make a return on the first days of January and July of each year of all fees and emoluments of his office, and of all the necessary expenses. By sec. 834 "the preceding section shall not apply to fees and compensation allowed to district attorneys by section eight hundred and twenty-five," (a percentage upon moneys collected in suits under the revenue laws,) "and eight hundred and twenty-seven," (compensation certified by the court and approved by the Secretary of the Treasury in actions against officers of the revenue). "All other fees, charges and emoluments to which a district attorney or a marshal may be entitled, by reason of the discharge of the duties of his office, as now or hereafter prescribed by law, or in any case in which the United States will be bound by the judgment rendered therein, whether prescribed by statute or allowed by a court, or any judge thereof, shall be included in the

semi-annual return required of said officers by the preceding section."

In determining whether the fees in these cases were earned by reason of the discharge of the duties of his office, we are referred to section 771, in which it is enacted that "it shall be the duty of every district attorney to prosecute, in his district, all delinquents for crimes and offences cognizable under the authority of the United States, and all civil actions in which the United States are concerned, and, unless otherwise instructed by the Secretary of the Treasury, to appear in behalf of the defendants in all suits and proceedings pending in his district against collectors, or other officers of the revenue, for any act done by them or for the recovery of any money exacted by or paid to such officers, and by them paid into the Treasury."

It is argued by the petitioner in this connection that these fees were earned not in the prosecution, but in the defence of civil actions in which the United States were concerned, and as, at the time when this statute was originally enacted, the United States could not be sued in the Circuit or District Courts, it was never contemplated that the district attorney would be called upon to defend the United States, except, of course, in suits against officers of the revenue; and hence that the law only imposed on him the duty of prosecuting suits in which the United States were concerned as a party plaintiff. This precise question, however, was considered and passed upon by this court in *Smith* v. *United States*, 158 U. S. 346, in which we held that the fact that the government was interested as defendant in some of the cases in which fees were claimed was immaterial, and that the words "to prosecute all civil actions" were not to be interpreted in any technical sense, but should be construed as covering any case in which district attorneys are employed to prosecute the interests of the government, whether such interests be the subject of attack or defence. We only desire to add in this connection that it would require a strong case to show that services, for which the district attorney is entitled to charge the government a fee, are not also services for the earnings of which he

should make return to the government in his emolument account. In section 834 there are two express exceptions to this rule, and the implication from these is that no others should be permitted. We do not mean to say that there may not possibly be others, but we think it should appear by a clear inference that they were not intended to be included. The government can only be called upon to pay for services earned by the district attorney in his official capacity, and for the fees earned in the performance of these services he should account to the government in his fee and emolument returns, unless there be some express exception taking them out of the general rule.

The judgment of the court below is, therefore,

*Affirmed.*

MR. JUSTICE FIELD took no part in the consideration of this case.