MONTGOMERY v. SIOUX CITY SEED CO.

No. 962.

Circuit Court of Appeals, Tenth Circuit.

June 8, 1934.

Samuel M. Lee, of Cheyenne, Wyo., for appellant.

C. R. Ellery, of Cheyenne, Wyo. (Harry S. Snyder, of Sioux City, Iowa, and C. A. Zaring, of Basin, Wyo., on the brief), for appellee.

Before PHILLIPS, McDERMOTT, and BRATTON, Circuit Judges.

PHILLIPS, Circuit Judge.

On August 6, 1928, Montgomery commenced an action in the district court of Big

Horn County, Wyoming, against the Seed Company to recover damages for decreased yield and soil infection, alleging they resulted from defective bean seed delivered to him by the Seed Company under a contract for the growing of bean seed, entered into between the Seed Company and Montgomery.

On November 19, 1928, a judgment by default was entered against the Seed Company for $11,865.

On December 13, 1928, the Seed Company filed a motion to vacate the default judgment on the ground that no proper service of process had been made on the Seed Company. The motion further set up that the Seed Company had a valid and meritorious defense to such action, and set forth the grounds of such defense. On May 29, 1929, the state court entered an order in which it found that the purported service of summons on the Seed Company was defective and void, that the court was without jurisdiction to enter the default judgment, and that the motion of the Seed Company constituted a general appearance in the action; and in which it ordered that the default judgment be set aside, and that the Seed Company answer the petition on or before June 22, 1929.

On June 22, 1929, on motion of the Seed Company the state court entered an order in such action in which it fixed the amount of an appeal stay bond at $500, and ordered that upon the filing and approval of such bond the proceedings in such cause should be stayed pending appeal. On the same day the Seed Company gave the required bond and it was duly filed and approved. On August 23, 1929, the Seed Company filed its petition in error in the Supreme Court of Wyoming to obtain a reversal of the order of May 29, 1929.

On July 25, 1930, a second default judgment for $11,000 was entered against the Seed Company in the state court action. On November 15, 1930, the Seed Company filed a motion in the state court to vacate the second default judgment on the ground that the giving of the stay bond and the appeal had suspended the proceedings in the state district court pending such appeal.

On October 14, 1930, the Supreme Court of Wyoming handed down an opinion on a motion to dismiss the appeal, wherein it held that the bill of exceptions should be stricken because it had not been presented in time, that the alleged errors of the trial court could not be reviewed in the absence of a bill of exceptions, and that the appeal should be dismissed without prejudice to the rights of the

Seed Company to insist upon its objection to the jurisdiction of the lower court, and to contend that it had made no general appearance in the cause. See Sioux City Seed Co. v. Montgomery, 42 Wyo. 170, 291 P. 918. The mandate of the Supreme Court was issued November 18, 1930, and it was filed in the state district court November 20, 1930.

On November 22, 1930, the Seed Company filed an amended motion to vacate the second default judgment wherein it set up the appeal, the giving of the stay bond, and certain facts which it alleged constituted a meritorious defense to the cause of action.

On November 28, 1930, the Seed Company filed its petition and bond for the removal of such action to the United States District Court for the District of Wyoming, and duly served Montgomery with copies thereof. On November 29, 1930, the state court entered an order approving the removal bond and directing the clerk to certify a copy of the record to the federal court.

The petition for removal alleged the requisite jurisdictional facts, and that the time within which the Seed Company was required to answer or otherwise plead had not expired.

Montgomery filed a motion to remand the action to the state court. This motion did not in any way challenge the allegation of the petition for removal that the removal proceedings had been taken before the expiration of the time within which the Seed Company was required to answer or otherwise plead to Montgomery's petition in the state court. The question that the removal proceedings had not been taken in time was not raised in the lower court. The motion to remand was denied. On December 30, 1931, the trial court entered an order setting aside the second default judgment.

The trial resulted in a verdict and judgment in favor of the Seed Company. Montgomery has appealed.

Montgomery assigns as error the overruling of the motion to remand, the setting aside of the default judgment, and the giving of an instruction directing the jury to return a verdict in favor of the Seed Company.

■■ The requirement as to the time within which removal proceedings shall be taken is not jurisdictional, but merely modal and formal [Henderson v. Midwest Refining Co. (C. C. A. 10) 43 F.(2d) 23, 25; Martin v. Baltimore & O. R. Co., 151 U. S. 673, 687, 14 S. Ct. 533, 38 L. Ed. 311; Northern Pac. R. Co. v. Austin, 135 U. S. 315, 318, 10 S. Ct. 758, 34 L. Ed. 218; Ayers v. Watson, 113 U.

S. 594, 598, 5 S. Ct. 641, 28 L. Ed. 1093], and Montgomery by not joining issue on the allegation of the petition for removal that the time within which the Seed Company was required to answer or otherwise plead had not expired, or otherwise raising the question, waived the right to assert here that the removal proceedings were not taken in time. Martin v. Baltimore & O. R. Co., supra; Ayers v. Watson, supra; Pacific Railroad Removal Cases, 115 U. S. 1, 17, 5 S. Ct. 1113, 29 L. Ed. 319.

The record proper contains a purported charge of the court to the jury directing a verdict in favor of the Seed Company, but the bill of exceptions does not contain any motion for a directed verdict, any ruling on such motion, any instruction directing a verdict in favor of the Seed Company, or any exceptions to such a ruling or instruction.

In Addis v. United States, 62 F. (2d) 329, 330, this court said:

"Motions for a directed verdict, requests for a peremptory charge, instructions given and instructions refused in criminal and law actions are not a part of the record proper, which consists of the pleadings, process, verdict, and judgment. Buessel v. United States (C. C. A. 2) 258 F. 811, 815; Clune v. United States, 159 U. S. 590, 593, 594, 16 S. Ct. 125, 40 L. Ed. 269; United States v. Taylor, 147 U. S. 695, 698, 699, 13 S. Ct. 479, 37 L. Ed. 335; Blake v. United States (C. C. A. 1) 71 F. 286; Metropolitan R. Co. v. Columbia, 195 U. S. 322, 332, 25 S. Ct. 28, 49 L. Ed. 219; Eldorado Coal & Min. Co. v. Mariotti (C. C. A. 7) 215 F. 51, 54; Suydam v. Williamson, 20 How. 427, 433, 437, 15 L. Ed. 978. A statement in the transcript of the record that certain instructions were given, or requested and refused, or that a motion for a directed verdict was made and denied, over the certificate of the clerk, avails nothing."

It follows that the alleged error in directing a verdict in favor of the Seed Company is not presented for review on this record.

Counsel for Montgomery contend that under the provisions of the statutes of Wyoming set out in note 1,[1] the Seed Company should have filed a petition to set aside the second default judgment and caused a sum-

---

[1] Note 1.
Section 89-2301, Wyoming Rev. Stat. 1931:
"A district court may vacate or modify its own judgment or order, after the term at which the same was made:
"1. By granting a new trial when the grounds for a new trial could not with reasonable diligence have been discovered before, but are discovered after the original motion for a new trial has been passed upon by the district court;
"2. By a new trial granted in proceedings against defendants, constructively summoned, as provided in § 89-817;
"3. For mistake, neglect or omission of the clerk, or irregularity in obtaining a judgment or order;
"4. For fraud practiced by the successful party in obtaining a judgment or order;
"5. For erroneous proceedings, against an infant, married woman or person of unsound mind, when the condition of such defendant does not appear in the record, nor the error in the proceedings;
"6. For the death of one of the parties before the judgment in the action;
"7. For unavoidable casualty or misfortune, preventing the party from prosecuting or defending;
"8. For errors in a judgment, shown by an infant in twelve months after arriving at full age, as prescribed in § 89-2607;
"9. For taking judgments upon warrants of attorney for more than was due

the plaintiff, when the defendant was not summoned, or otherwise legally notified of the time and place of taking such judgment;
"10. When such judgment or order was obtained, in whole or in a material part, by false testimony on the part of the successful party, or any witness in his behalf, which ordinary prudence could not have anticipated or guarded against, and the guilty party has been convicted."
Section 89-2304, Wyoming Rev. Stat. 1931:
"The proceedings to correct mistakes or omissions of the clerk, or irregularity in obtaining a judgment or order, shall be by motion, upon reasonable notice to the adverse party, or his attorney in the action; but the motion to vacate a judgment because of its rendition before the action regularly stood for trial, can be made only in the first three days of the succeeding term."
Section 89-2305, Wyoming Rev. Stat. 1931:
"The proceedings to vacate the judgment or order on the grounds specified in sub-divisions four, five, six, seven, eight, nine and ten of § 89-2301, shall be by petition, verified by affidavit setting forth the judgment or order, the grounds to vacate or modify it, and if the party applying was defendant, the defense to the action, and on such petition a summons shall issue and be served as in the commencement of an action."

mons to be issued thereon and served upon Montgomery, and that the court erred in setting aside such second default judgment upon motion of the Seed Company.

While the appeal was pending in the Supreme Court of Wyoming, the state district court was without jurisdiction over the cause. Furthermore, by the giving of the stay bond, the proceedings in the state district court were stayed pending the appeal. The judgment was set aside for irregularity in obtaining it under subdivision three of section 89-2301, and not upon any of the grounds enumerated in subdivisions four to ten, inclusive, of that section.

It follows that the procedure provided in section 89-2304 was applicable, and that the court did not err in setting aside the judgment upon the motion of the Seed Company.

The judgment is affirmed.