## McKAY v. ROGERS et al.

### No. 1318.

Circuit Court of Appeals, Tenth Circuit.
April 4, 1936.

William Neff, of Tulsa, Okl. (A. T. Lewellen, of Tulsa, Okl., on the brief), for appellant.

N. A. Gibson and Richard H. Wills, both of Tulsa, Okl. (James C. Denton and John Rogers, both of Tulsa, Okl., on the brief), for appellees.

Before LEWIS and BRATTON, Circuit Judges, and KENNEDY, District Judge.

KENNEDY, District Judge.

On the 12th day of April, 1928, the appellant, as plaintiff in the court below, instituted a suit in the District Court of Creek county, Okl., alleging that she was the sole heir of one Ullie Eagle, an enrolled full-blood Indian of the Creek Nation who had died intestate, and that she, the plaintiff, was the legal and equitable owner and entitled to the immediate possession of certain real estate of which Ullie Eagle died seized; that the defendants were in possession of said real estate and had produced large quantities of oil and gas therefrom which they had appropriated to their own use and benefit. The prayer of the petition was for the possession of said premises and damages in the sum of $7,500,000. On May. 10, 1928, the defendants named in said petition filed their motion to require the plaintiff to make her petition more definite and certain and on the same day said answering defendants issued notice of the pendency of said action to the United States of America through the superintendent of the Five Civilized Tribes, accompanied by a transcribed copy of all the pleadings and papers in said suit.. On the 15th day of May, 1928, said notice was served upon the superintendent of the Five Civilized Tribes. On June 2, 1928, the court entered an order for good cause shown, giving the United States twenty days additional time in which to plead. In the meantime the defendants in said action filed their joint and several answer and cross-petition in the case. On the 22d day of June, 1928, and within the twenty days allowed, the United States, through its Assistant District Attorney for the Northern District of Oklahoma, filed its petition for removal of the cause, making the statutory averments as to the plaintiff being a restricted member of the Five Civilized Tribes and as to the character of the title of the deceased. Ullie Eagle in the lands sought to be recovered. On the same day the District Court of Creek county entered its order removing said case to the United States District Court for the Northern District of Oklahoma. On March 11, 1930, upon application of the Assistant District Attorney, plaintiff's counsel being present, the United States District Court allowed the United States thirty days from said date in which to plead. On April 23, 1934, counsel for plaintiff and defendants filed a written waiver of jury trial. On April 5, 1935, the plaintiff filed a motion to remand the cause to the District Court of Creek County, which was on the 8th day of April fol-

lowing overruled and denied. On April 9, 1935, the case came on for trial resulting in the court making findings of fact and conclusions of law, and entering a judgment in favor of the defendants. The United States did not file a pleading in said cause or participate in the trial. From this judgment, the plaintiff appeals on account of alleged errors committed by the trial court, presented in her assignments of error.

█ The first contention urged by the plaintiff as appellant here is, that because the United States never became a party to the suit, the United States District Court had no jurisdiction to try the case and that it should have been remanded to the State court. This contention involves the statute under which the removal proceeding was undertaken. This appears in the Act of April 12, 1926, 44 Stat. 239, 240, in which section 3 of said act is applicable, reading as follows:

"Any one or more of the parties to a suit in the United States courts in the State of Oklahoma or in the State courts of Oklahoma to which a restricted member of the Five Civilized Tribes in Oklahoma, or the restricted heirs or grantees of such Indian are parties, as plaintiff, defendant, or intervenor, and claiming or entitled to claim title to or an interest in lands allotted to a citizen of the Five Civilized Tribes or the proceeds, issues, rents and profits derived from the same, may serve written notice of the pendency of such suit upon the Superintendent for the Five Civilized Tribes, and the United States may appear in said cause within twenty days thereafter, or within such extended time as the trial court in its discretion may permit, and after such appearance or the expiration of said twenty days or any extension thereof the proceedings and judgment in said cause shall bind the United States and the parties thereto to the same extent as though no Indian land or question were involved. Duplicate original of the notice shall be filed with the clerk of the court in which the action is pending and the notice shall be served on the Superintendent for the Five Civilized Tribes or, in case of his absence from his principal office, upon one of his assistants, and shall be served within ten days after the general appearance in the case of the party who causes the notice to be issued. The notice shall be accompanied by a certified copy of all pleadings on file in the suit at the time of the filing of the duplicate original notice with the clerk and shall be signed by the party to the action or his or her counsel of record and shall be served by the United States

marshal and due return of service made thereon, showing date of receipt and service of notice. If notice is not served within the time herein specified, or if return of service thereof be not made within the time allowed by law for the return of service of summons, alias notices may be given until service and return of notice is had and in no event shall the United States be bound unless written notice is had as herein specified: Provided, That within twenty days after the service of such notice on the Superintendent for the Five Civilized Tribes or within such extended time as the trial court in its discretion may permit the United States may be, and hereby is, given the right to remove any such suit pending in a State court to the United States district court by filing in such suit in the State court a petition for the removal of such suit into the said United States district court, to be held in the district where such suit is pending, together with the cerified copy of the pleadings in such suit served on the Superintendent for the Five Civilized Tribes as hereinbefore provided. It shall then be the duty of the State court to accept such petition and proceed no further in said suit. The said copy shall be entered in the said district court of the United States within twenty days after the filing of the petition for removal and the defendants and intervenors in said suit shall within twenty days thereafter plead, answer, or demur to the declaration or complaint in said cause, and the cause shall then proceed in the same manner as if it had been originally commenced in said district court, and such court is hereby given jurisdiction to hear and determine said suit, and its judgment may be reviewed by certiorari, appeal, or writ of error in like manner as if the suit had been originally brought in said district court."

The answer to plaintiff's contention is found in two cases in this court where removal proceedings were had under this statute concerning the very same title to the Ullie Eagle lands involved in the case at bar. These cases are Fish v. Kennamer (C. C.A. 10) 37 F.(2d) 243, and United States v. Mid-Continent Petroleum Corporation (C.C.A. 10) 67 F.(2d) 37. In the Fish Case, 37 F.(2d) 243, at page 245, Judge Lewis speaking for the court says:

"It fairly appears that a very large number, if not all, of those claiming to be heirs of Ullie Eagle, are under the protecting guardianship of the United States, and the latter deemed it necessary in their interest and in the orderly determination of their

798

claimed rights to come into this litigation and remove the case into a court of the United States, and its counsel appear to have participated in the procedure since and in the hearings before the master. When their guardian intervened they were no longer free to conduct their litigation, as does an ordinary litigant, and the guardian has raised no objection to the course pursued by the district judge."

After quoting the statute, the learned judge continues, 37 F.(2d) 243, at page 246:

"So far as the section has been quoted its evident purpose is to give the United States an opportunity to intervene in said cause so that the judgment therein may bind it and thus cut off a right of the guardian to renew the suit in its name in event the judgment be adverse to the Indian or Indians. * * *

"It is true the statute does not expressly say that the United States is a party to the cause on its removal to the Federal court; but we see no reason why, considering the purpose of the statute and the intervention of the United States for removal, which was undoubtedly the exercise of its protecting care over the Indians' rights, it should not thereafter participate in the disposal of the whole controversy in its capacity as guardian, and, as said, it was represented by counsel thereafter in the cause."

■■ The question of jurisdiction of the federal court was again challenged in the Mid-Continent Petroleum Corporation Case, supra, and the conclusion again reached that the cause of action had been properly removed under this statute. But it is urged by the plaintiff that because the United States did not file a pleading and proceed to litigate on behalf of its wards after the removal, that the court thereby lost jurisdiction and should have remanded the cause. The answer to this contention is apparent when it is considered that one may be a party to a cause and still not file a pleading or actively participate in a trial; and, further, that a removal is based upon the condition existing at the time of removal and not upon what may occur thereafter. Brelsford v. Whitney Trust & Savings Bank (C. C.A. 5) 69 F.(2d) 491.

■ Another point urged by the plaintiff is, that the suit was removed by the Assistant United States District Attorney without authority. This contention is based upon the theory that the official was not specifically authorized and directed by the Secretary of the Interior or the Attorney General of the United States to remove the suit. The only foundation for this claim in the record is, that the Assistant United States Attorney looked through the files of this particular suit and found no authorization, but that no general search of the files of the District Attorney's office had otherwise been made. This proof in itself falls far short of discharging the burden placed upon a party who alleges absence of authority. In addition, we think that the statute imposes the duty upon a District Attorney to prosecute both criminal and civil actions in his district. 28 U.S.C. § 485 (28 U.S.C. A. § 485). Likewise, litigated cases support this theory. Confiscation Cases, 7 Wall. 454, 19 L.Ed. 196; Hilborn v. United States, 163 U.S. 342, 16 S.Ct. 1017, 41 L.Ed. 183; United States v. Smith, 158 U.S. 346, 15 S. Ct. 846, 39 L.Ed. 1011. Furthermore, it is presumed that a District Attorney, being a sworn officer of the United States, does his duty, including the performance of all that was necessary to make what he does legal with the requisite direction from the duly constituted authorizing official. Forbes v. United States (C.C.A. 5) 268 F. 273; Sabin v. United States (Ct.Cl.) 44 F.(2d) 70; Anderson v. P. W. Madsen Inv. Co. (C.C. A. 10) 72 F.(2d) 768.

■ Finally, it is contended on behalf of the plaintiff that the cause was not lawfully removed because the removal petition was not filed in time, was not verified, and no notice of the filing of the petition was given. The first of these contentions is answered by the record, inasmuch as it appears that the petition for removal was filed within the time allowed by the order fixed by the state court, which additional time the state court was authorized to grant by virtue of the removal statute itself. To sustain a petition for removal filed within the extended time to plead, where the statute specifically authorizes an extension of time to petition for removal, is not out of harmony with a reasonable construction of the statute. The statute does not require a petition for removal to be verified, nor is it required that any notice of the filing thereof be given. It may readily be seen that this statute is one for removal independent of and distinct from the provision for the removal of cases covered by the general removal statutes. But in any event, the matter of removal as to the requirement of time and manner is not jurisdictional, but more or less model and formal in which irregularities may be waived. Montgomery v. Sioux City Seed Co. (C.C.A. 10) 71 F.(2d) 926;

Guarantee Co. v. Hanway (C.C.A. 8) 104 F. 369; Ayers v. Watson, 113 U.S. 594, 5 S.Ct. 641, 28 L.Ed. 1093. The right to remand may be lost by laches, with such intervening conduct which will constitute waiver of irregularities in removal proceedings. 54 C.J. 364. In this case the record discloses that the case was removed on June 22, 1928; that on March 11, 1930, counsel for plaintiff was present making no objection when additional time was granted the United States to plead; that on April 23, 1934, the plaintiff participated in the waiver of a jury trial; and that no motion to remand was made until April 5, 1935. Whatever legitimate objections plaintiff may have had to irregularities as to the time and manner of removal, they were clearly waived by her subsequent acts in the federal court before the motion to remand was filed.

The judgment of the trial court will be and is affirmed.