**HOWELL v. PORTER et al.**
No. 175.

District Court, N. D. Oklahoma.
Oct. 28, 1939.

George Jennings, of Sapulpa, Okl., for movants W. F. Sessions and Ivan Sessions.

Whit Y. Mauzy, U. S. Atty., and Chester A. Brewer, Asst. U. S. Atty., both of Tulsa, Okl., for intervener the United States.

FRANKLIN E. KENNAMER, District Judge.

This action was instituted in the District Court of Creek County, Oklahoma, by Lee Howell, as guardian of Leona Fox, nee Richard, to cancel certain conveyances made by her prior to the appointment of her guardian. Three separate causes of action were set forth in the petition, and each seek a cancellation of deeds conveying interests in allotment of Jemima Richard, Samuel Richard and Eastman Richard. The separate causes of action refer to conveyances to separate defendants. The petition alleged that Leona Fox, nee Richard, was an incompetent Indian and was so adjudged by the County Court of McIntosh County, Oklahoma, on April 17, 1939, and that Lee Howell is her duly appointed and acting guardian, and that she is the owner of and in possession, as tenant in common, of an undivided interest in the "Northeast Quarter (NE¼) of Section 5, and the South Half (S½) of Sec. 4, Township 17, Range 7 East, Creek County, Oklahoma," and that the defendants claim some right, title or interest in and to the above described land.

It is further alleged that Leona Fox, nee Richard, is a full-blood Creek Indian, and that the lands above described are valuable oil and gas lands and are now producing oil and gas under leases approved by the Secretary of the Interior, and that the income from royalties on oil and gas produced from the above mentioned land is now and has been for years, paid to the Interior Department of the United States. Allegations, charging that the deeds were obtained fraudulently and for grossly inadequate considerations, were also contained in the petition.

Service of notice was duly and regularly had on the Superintendent of the Five Civilized Tribes, pursuant to the provisions of the Act of Congress of April 12, 1926, 44 Stat. 239, and the United States of America, within the time fixed by statute, filed its petition for removal of said cause, and the District Court of Creek County made its order directing the removal of the cause to the United States District Court for the Northern District of Oklahoma. The transcript of the pleadings on file in the District Court of Creek County, Oklahoma, was timely filed in this court, and the United States of America intervened in this cause. The defendants, Sessions, have filed their motion to remand.

It is contended by the moving defendants that the United States of America improperly removed the case to this court, and that this court is without jurisdiction, for the reason that the lands involved are not restricted Indian lands and no Federal question is presented. It is unnecessary to review the allegations of the petition, but to assume for the purpose of the motion that there are no restrictions against alienation of the lands in question, and that such lands are not restricted lands. It is urged by the United States of America, in support of the jurisdiction of this court, and in their removal of the case that the plaintiff is a ward of the Government and that such wardship alone is sufficient to give the Federal Court jurisdiction. Defendants assert that the United States of America is without capacity to recover lands upon which restrictions have been removed, where no other Federal question is presented, and that if the Federal Government is powerless to maintain such an action for the recovery of such lands, it cannot remove a case involving such unrestricted lands to this court, even though the owner of such land is a ward of the Federal Government. The moving defendants rely upon the case of United States v. Waller, 243 U.S. 452, 37 S.Ct. 430, 61 L.Ed. 843, wherein it was held that the United States was without capacity to bring suit on behalf of Indian grantors to set aside conveyances after restrictions had been removed from such lands.

Section 3 of the Act of April 12, 1926, 44 Stat. 239, 240, provides that any one or more of the parties to a suit in the United States courts in the State of Oklahoma, or in the State courts of Oklahoma, to which a restricted member of the Five Civilized Tribes in Oklahoma, or the restricted heirs or grantees of such Indian are parties, as

plaintiff, defendant or intervener,· and claiming or entitled to claim title to or an interest in lands allotted to a citizen of the Five Civilized Tribes or the proceeds, issues, rents and profits derived from the same, may serve written notice of the pendency of such suit upon the Superintendent for the Five Civilized Tribes, and the United States may appear in said cause within the time therein fixed, and after such appearance or the expiration of the time provided in the Statute the proceedings and judgment in said cause shall bind the United States and the parties thereto to the same extent as though no Indian land or question were involved. Provision is made for the United States to remove any such suit pending in the State court to the United States District Court within twenty days after the service of such notice, or within such extended time, and after the removal thereof, the parties thereto shall plead, and the cause shall proceed in the same manner as if it had been originally commenced in said District Court, and jurisdiction is conferred upon the court to hear and determine the suit.

■ Prior to the enactment of the above statute, the United States of America was not bound by any decision or decree in any case affecting lands or members of the Indian Tribes, and it was within the power of the Federal Government to institute suits on behalf of its dependent Indian wards, even though the questions presented therein had previously been litigated between individuals, and an adjudication had been had as between them.

■ The plaintiff is the child of a deceased full-blood allottee of the Creek Nation, one of the Five Civilized Tribes, as alleged in the petition. She is, therefore, a ward of the United States. See: United States v. Sandoval, 231 U.S. 28, 48, 34 S.Ct. 1, 58 L.Ed. 107; United States v. Wright, 229 U.S. 226, 33 S.Ct. 630, 57 L.Ed. 1160; Gritts v. Fisher, 224 U.S. 640, 32 S.Ct. 580, 56 L.Ed. 928; Heckman v. United States, 224 U.S. 413, 32 S.Ct. 424, 56 L.Ed. 820.

■ The petition charges that the plaintiff is a full-blood Creek Indian, and that the lands described therein are valuable oil and gas lands and are now producing oil and gas under leases approved by the Secretary of the Interior, and that the income from royalties on oil and gas produced from the land is being paid to the Interior Department. It should be noted that the statute providing for the removal of causes by the United States, grants such right and requires the giving of notice to the Superintendent for the Five Civilized Tribes, in cases to which a restricted member of the Five Civilized Tribes in Oklahoma, or the restricted heirs or grantees of such Indian, are parties, as plaintiff, defendant or intervener. The congressional act does not limit its effect and force to suits involving lands encumbered by restrictions against alienation, and neither does it restrict its effectiveness to actions in which the United States of America can prevail. The statute must be given a broad meaning, because it has deprived the United States of America of rights possessed by it prior to its enactment. The United States could bring actions at any time on behalf of its dependent wards prior to the enactment of the statute, even though the same questions had been previously litigated by individuals, such adjudications not being binding upon the United States. The act concludes the United States in actions where formerly there was no weight to bind the United States in such suits involving similar questions. It is not even necessary that the United States file a pleading or participate in the trial, after it has removed a case from the State to the Federal Court, wherein restricted members of the Five Civilized Tribes of Indians are involved. McKay v. Rogers, 10 Cir., 82 F.2d 795. Thus, if the United States is not required to file any pleading or to participate in the trial, certainly the test of its right to remove a case to the Federal court cannot be its capacity to successfully maintain the suit it removes. The above congressional act does not require the Federal Government to participate in the case, but merely affords the United States the right to select the forum for the trial of a case involving restricted members of the Five Civilized Tribes of Indians, or restricted heirs or grantees of such Indians, who are involved in such litigation.

It is unnecessary to consider the other contentions urged by the United States in support of its right to removal. However, the case of United States v. Apple, D.C., 262 F. 200, strongly supports the contention of the Government in holding that the Government not only has the right, but also it is its duty to maintain suits to protect ignorant Indian lessors who were being despoiled of income through fraud and machinations of the defendants, for such Indians were still in a state of tutelage and wards of the United States. The cited case

was appealed to the Circuit Court of Appeals for the Eighth Circuit, and was modified and affirmed upon issues other than those announced by the trial court, and for which the case is cited herein. See, 292 F. 935.

In view of the purposes of the statute, providing for the removal of such cases, cutting off certain powers and rights theretofore held by the Federal Government, the statute must be liberally construed. The statute, however, plainly provides that suits to which a restricted member of the Five Civilized Tribes in Oklahoma, or the restricted heirs or grantees of such Indian, are parties, requires the serving of notice upon the Superintendent of the Five Civilized Tribes and entitles the United States to remove the case to the Federal court, and as the petition in the instant case shows that the plaintiff herein is a full-blood Indian, and is restricted in that her funds are paid to the Interior Department, she is included in the classes of persons referred to in the statute.

The motion to remand is, therefore, overruled and denied.