## UNITED STATES v. THOMPSON et al.
### No. 2451.

Circuit Court of Appeals; Tenth Circuit.

May 5, 1942.

174

Frank J. Dugan, of Washington, D. C. (Norman M. Littell, Asst. Atty. Gen., and Vernon L. Wilkinson and Donald R. Marshall, Attys., Dept. of Justice, both of Washington, D. C., on the brief), for appellant.

John S. Severson, of Tulsa, Okl. (A. Lee Battenfield, of Pryor, Okl., on the brief), for appellees.

Before PHILLIPS, MURRAH, and WILLIAMS, Circuit Judges.

WILLIAMS, Circuit Judge, delivered the opinion of the court.

Whether the United States District Court for the Northern District of Oklahoma had jurisdiction of this case removed under Section 3[1] of Act of April 12, 1926, 44 Stat. 239, 240, where notice of pendency of the suit was not served "within ten days after the general appearance in the case of the party causing the notice to be issued" is raised.

It was instituted by a full-blood Cherokee Indian, member of said tribe, in the state district court of Mayes County, Oklahoma on November 27, 1940, for partition of a restricted Cherokee Indian allotment, inherited upon death of the allottee by the appellees (plaintiff and defendants below),

---

[1] "Any one or more of the parties to a suit in the United States courts in the State of Oklahoma or in the State courts of Oklahoma to which a restricted member of the Five Civilized Tribes in Oklahoma, or the restricted heirs or grantees of such Indian are parties, as plaintiff, defendant, or intervenor, and claiming or entitled to claim title to or an interest in lands allotted to a citizen of the Five Civilized Tribes or the proceeds, issues, rents, and profits derived from the same, may serve written notice of the pendency of such suit upon the Superintendent for the Five Civilized Tribes, and the United States may appear in said cause within twenty days thereafter, or within such extended time as the trial court in its discretion may permit, and after such appearance or the expiration of said twenty days or any extension thereof the proceedings and judgment in said cause shall bind the United States and the parties thereto to the same extent as though no Indian land or question were involved. Duplicate original of the notice shall be filed with the clerk of the court in which the action is pending and the notice shall be served on the Superintendent for the Five Civilized Tribes or, in case of his absence from his principal office, upon one of his assistants, and shall be served within ten days after the general appearance in the case of the party who causes the notice to be issued. The notice shall be accompanied by a certified copy of all pleadings on file in the suit at the time of the filing of the duplicate original notice with the clerk and shall be signed by the party to the action or his or her counsel of record and shall be served by the United States marshal and due return of service made thereon, showing date of receipt and service of notice. If notice is not served within the time herein specified, or if return of service thereof be not made within the time allowed by law for the return of service of summons, alias notices may be given until service and return of notice is had and in no event shall the United States be bound unless written notice is had as herein specified: Provided, That * * * the United States may be, and hereby is, given the right to remove any such suit pending in a State court to the United States district court * * * and such court is hereby given jurisdiction to hear and determine said suit, * * *."

restricted full-blood Cherokee Indians, and answer filed by two defendants on December 9, 1940, and affidavit as to proof that publication of notice as to other defendant heirs was completed on December 26, 1940, and filed on December 27, 1940, and then notice was caused to be issued on December 27, 1940, and served on the Superintendent for the Five Civilized Tribes on December 28, 1940.

On January 13, 1941, in the state district court before entry of order of removal in said court on January 29, 1941, through application of the United States of America an order extending time within which to plead in said cause was entered, reciting that "it appearing to the court that service of notice and certified copy of pleadings in said cause was had on the Superintendent of the Five Civilized Tribes pursuant to provisions of Act of Congress of April 12, 1926, and that an extension is necessary for the United States of America to plead herein: It is therefore the order of this court that the United States of America be and is hereby granted an extension of 60 days from January 17, 1941, within which to plead in said cause."

The United States of America may be hereafter referred to as the Government.

Petition of the Government for removal of said cause from the state district court, filed in said court on January 22, 1941, to the United States District Court for the Northern District of Oklahoma, with the notice as to hearing filed in said state court on January 24, 1941, to be heard on January 29, 1941, and the state court, having heard the same on said date, entered its order which recited that proper petition with accompanying notice having been filed therein, it is ordered that said petition "be and the same hereby is accepted and approved and the Clerk of this court is hereby directed to make up and certify the record in this cause for transmission to the United States District Court for the Northern District of Oklahoma." The transcript was filed in said court on February 10, 1941, and on the same date after notice to plaintiff by the Government motion on its part was filed and presented for permission to intervene in said cause,[2] and thereafter on February 11, 1941, an order was entered in said United States District Court allowing the Government to intervene.[3] The Government after intervening filed motion to quash service of notice on the Superintendent for the Five Civilized Tribes,[4] and after notice to the plaintiff same was heard on April 4, 1941, and thereafter on April 8, 1941, the court overruled said motion to quash.[5]

On May 14, 1941, without further active

[2] "Comes now the United States of America, by Whit Y. Mauzy, United States Attorney for the Northern District of Oklahoma, and Chester A. Brewer, Assistant United States Attorney for said district, and shows to the court that this cause was filed in the District Court of Mayes County, Oklahoma, by Charley Thompson, full-blood Cherokee Indian, seeking the determination of the heirship of Nancy Thompson, nee Downing, deceased, and the partition of the land involved. That notice of the pendency of said suit was served on the Superintendent of the Five Civilized Tribes, and the United States removed said cause to this court.

"That by reason of the fact that restricted Indians and land allotted to restricted Indians are involved in this cause the United States of America should be permitted to intervene herein.

"Wherefore, the United States of America moves the court for an order permitting it to intervene in this cause of action."

[3] "Now on this 11th day of February, 1941 this matter coming on before the court on the motion of the United States of America for permission to intervene in this cause, and it appearing to the court

that this suit involves the question of heirship and the partition of land allotted to restricted Indians of the Five Civilized Tribes, and that the United States should be permitted to intervene herein;

"It is Therefore the Order of the court that the United States of America be, and hereby is permitted to intervene in this cause of action."

[4] "Comes now the United States of America by Whit Y. Mauzy, United States Attorney for the Northern District of Oklahoma, and Chester A. Brewer, Assistant United States Attorney for said district, and moves the court to quash service of notice on the Superintendent for the Five Civilized Tribes in this cause for the reason that under the provisions of Section 3 of the Act of Congress of April 12, 1926 (44 Stat. 239), the party serving the notice on the Superintendent must serve the same within ten days from the entry of the general appearance of said party in said action.

"That the notice in this cause of action was not served in accordance with the provisions of said statute, and therefore service of such notice should be quashed."

[5] "Now on this 8th day of April, 1941, this matter having come on before the

participation therein by the Government as intervener, it having neither pleaded further within the fifteen days allowed on April 4, 1941, in which to plead in said action, nor made any request for further time in which to plead, the court proceeded to trial and entered its decree determining heirs, and quieting title, and then appointed commissioners to partition the land "if the same can be done without manifest injury to the interests of the parties." The commissioners thereafter reported that partition in kind was not feasible and appraised the land at $300. The court on June 27, 1941, ordered a partition sale and this appeal followed.

In McKay v. Rogers, 10 Cir., 82 F.2d 795, in suit to recover land by restricted member of Five Civilized Tribes which was removed to the proper United States District Court under Act of April 12, 1926, after notice given to the Tribal Superintendent, and the United States Government appeared, held not required to remand to state court though United States Government failed to plead or participate in trial. See, also, Brelsford v. Whitney Trust & Savings Bank et al., 5 Cir., 69 F. 2d 491.

The decree provided that it was "binding in all respects on the United States of America to the same extent as such decree is binding on all other parties to said action."

Errors here assigned are: (1) Overruling motion to quash service of notice of pendency of suit as not served upon the Superintendent of the Five Civilized Tribes within the ten days prescribed by Act of April 12, 1926; (2) in holding that the United States was bound by the decree determining heirs, quieting title, and ordering the land to be partitioned as notice of pendency of suit was not served within the ten-day period; and (3) the court had no jurisdiction and should have remanded the cause to the state court.

Neither was suggestion nor motion made by the Government to have the cause remanded. Jurisdiction of the state district court from which the action was removed as to partition of real estate was by virtue of Act of Congress of June 14, 1918,[6] 40 Stat. 606; McDougal v. Black Panther Oil & Gas Co., 8 Cir., 273 F. 113; United States v. Watashe et al., 10 Cir., 117 F.2d 947.

Intervention by the Government was under provision of Act of Congress of April 12, 1926, 44 Stat. 239, 240, Section 3, set out in footnote 1, enacted by Congress that the Government may be apprised as to pendency of such actions, and intervene and have same removed to a United States District Court if it were so impressed, and determined to assert in such court to which removed its interest as guardian of the Indian or Indians whose estates embraced the subject matter of the action or actions. Such act is a remedial statute for permanence of titles and that judgments in all such actions should be binding on all parties.[7]

Prior to the Act of April 12, 1926, the

court on April 4, 1941, on the motion of the United States of America to quash service of notice on the Superintendent of the Five Civilized Tribes, and the court, after hearing the arguments of counsel and being fully advised in the premises, finds that said motion to quash service on the Superintendent of the Five Civilized Tribes should be overruled.

"It is Therefore the Order of the court that said motion to quash service of notice on the Superintendent of the Five Civilized Tribes be, and the same is hereby overruled, to which ruling of the court the United States of America excepts and exceptions are allowed.

"It Is the Further Order of the court that the United States of America have, and is hereby granted fifteen (15) days from April 4, 1941 within which to plead in this cause of action."

· 6 Section 2, Act of June 14, 1918, 40 Stat. 606, 25 U.S.C.A. § 355: "That the lands of full-blooded members of any of the Five Civilized Tribes are hereby made subject to the laws of the State of Oklahoma, providing for the partition of real estate. Any land allotted in such proceedings to a full-blood Indian, or conveyed to him upon his election to take the same at the appraisement, shall remain subject to all restrictions upon alienation and taxation obtaining prior to such partition. In case of a sale under any decree, or partition, the conveyance thereunder shall operate to relieve the land described of all restrictions of every character."

7 In petition for removal by Government, it is stated "petitioner was served with notice and a certified copy in this cause of action on December 28, 1940, under the provisions of Act of Congress of April 12, 1926, which was an

Government not being a party to an action involving restricted Indian lands, when adjudicated by the state or federal courts the matter could be re-litigated at the instance of the United States of America to have prior judgment or judgments set aside.[8]

Under the Oklahoma State Practice Act a summons in a civil action is issued after filing petition and written praecipe therefor,[9] and required to be served within ten days from its date,[10] and returned in not less than ten and not more than sixty days from the day thereof, and a defendant is required to answer within twenty days after the day on which the summons is returnable,[11] a limit beyond which pleadings might not be filed without leave of court. Said Act of Congress in providing for notice and its service and the appearance of the Government was by the State procedure afforded a pattern.

■ The contention on the part of appellant that the provision for notice and the time of its service was mandatory, and failure to comply therewith was jurisdictional and could not be waived, and that the Government did not become a party to said action, under construction of the State Practice Act by the Supreme Court of the State but also by the rulings of the Tenth Circuit Court of Appeals as to said act of April 12, 1926, is without merit.

In McKay v. Rogers, supra [82 F.2d 798], it is said: "But in any event, the matter of removal as to the requirement of time and manner is not jurisdictional, but more or less model and formal in which irregularities may be waived. Montgomery v. Sioux City Seed Co. [10 Cir.], 71 F.2d 926; Guarantee Co. v. Hanway [8 Cir.], 104 F. 369; Ayers v. Watson, 113 U.S. 594, 5 S.Ct. 641, 28 L.Ed. 1093."

See, also, Fish v. Kennamer, 10 Cir., 37 F.2d 243; United States v. Mid-Continent Petroleum Corp., 10 Cir., 67 F.2d 37.

Also, in Montgomery v. Sioux City Seed Co., 10 Cir., 71 F.2d 926, 927, it is said: "The requirement as to the time within which removal proceedings shall be taken is not jurisdictional, but merely modal and formal (Henderson v. Midwest Refining Co. [10 Cir.], 43 F.2d 23, 25; Martin v. Baltimore & O. R. Co., 151 U.S. 673, 687, 14 S.Ct. 533, 38 L.Ed. 311; Northern Pac. R. Co. v. Austin, 135 U.S. 315, 318, 10 S. Ct. 758, 34 L.Ed. 218; Ayers v. Watson, 113 U.S. 594, 598, 5 S.Ct. 641, 28 L.Ed. 1093), and Montgomery by not joining issue on the allegation of the petition for removal that the time within which the Seed Company was required to answer or otherwise plead had not expired, or otherwise raising the question, waived the right to assert here that the removal proceedings were not taken in time. Martin v. Baltimore & O. R. Co., supra; Ayers v. Watson, supra; Pacific Railroad Removal Cases [Union Pac. R. Co. v. Myers], 115 U.S. 1, 17, 5 S.Ct. 1113, 29 L.Ed. 319."

And in Henderson v. Midwest Refining Co., 10 Cir., 43 F.2d 23, 25, it is said: "Moreover, the time within which removal may be made is not jurisdictional, but 'modal and formal.' Ayers v. Watson, 113 U.S. 594, 5 S.Ct. 641, 28 L.Ed. 1093; Powers v. Chesapeake & O. R. Co., 169 U.S. 92, 18 S.Ct. 264, 42 L.Ed. 673."

■ The petition of intervention by the Government as intervener is general and not a special or conditional appearance. The statement in application of intervener was "that the United States of America has jurisdiction over the properties of restricted Indians * * * and your petitioner is a necessary party to the final determination of the issues." The order of the court made after the motion for intervention on notice as disclosed by the record was heard and allowed, the recital of the order being that " * * * this is a cause in which the Superintendent of the Five Civilized Tribes at Muskogee, Oklahoma, has been duly and properly served with notice and a certified copy of the

Act amending the Act of Congress of May 27, 1908, 35 Stat. 312, concerning suits involving Indian lands, and providing for the United States of America to join in such actions for purpose of making judgments binding on all parties." (Tr. of Record, p. 14)

8 Sunderland v. United States, 266 U. S. 226, 45 S.Ct. 64, 69 L.Ed. 259; United States v. Moore, 8 Cir., 284 F. 86; United States v. Noble, 8 Cir., 197 F. 292; Id., 237 U.S. 74, 35 S.Ct. 532, 59 L.Ed. 844; United States v. Candelaria, 271 U.S. 432, 46 S.Ct. 561, 70 L. Ed. 1023; Heckman v. United States, 224 U.S. 413, 32 S.Ct. 424, 56 L.Ed. 820.

9 12 Okl.St.Ann. § 153, Okl.Rev.L. 1910, § 4705, O.S.1931, § 166.

10 12 Okl.St.Ann. § 155, Okl.Rev.L. 1910, § 4707, O.S.1931, § 168.

11 12 Okl.St.Ann. § 283, Okl.Rev.L. 1910, § 4756, O.S.1931, § 217.

pleadings in the cause as provided by said act of Congress; * * * an act of Congress involved in the determination of the issues in said cause * * *. It is the order of the court that the United States of America be and hereby is permitted to intervene in this cause of action."

By intervention on the part of the United States of America as permitted on its voluntary application and motion after the removal of the cause from the State court to the United States District Court, it became a party to the action and may not raise questions of irregularity of procedure. Montgomery v. Sioux City Seed Co., supra; McKay v. Rogers, supra; Bowdoin College v. Merritt, C.C., 59 F. 6; Rice v. Durham Water Co., C.C., 91 F. 433; Atlantic Refining Co. v. Port Lobos Petroleum Corp., D.C.Del., 280 F. 934; Mars v. McDougal, 10 Cir., 40 F.2d 247; Clevenger v. Lewis, 20 Okl. 837, 95 P. 230, 16 L.R.A., N.S., 410, 16 Ann.Cas. 56; Hunt v. O'Leary, 84 Minn. 200, 87 N.W. 611; Jack v. Des Moines, etc., R. Co., 49 Iowa 627; Eastmore v. Bunkley, 13 Ga. 637, 39 S.E. 105; Stone v. Ingham Circuit Judge, 105 Mich. 234, 63 N.W. 79; In re Ghio's Estate, 157 Cal. 552, 108 P. 516, 517, 37 L.R.A.,N.S., 549, 137 Am.St.Rep. 145.

The judgment of the lower court is affirmed.